|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 8/14/2020 |

MARY BROWN,

                Plaintiff,

-against-

NEW YORK CIY DEPARTMENT OF EDUCATION,

                Defendant.

20-CV-2424 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

    Plaintiff filed this *pro se* action alleging that Defendants discriminated against her on the basis of her age and disability, in violation of the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and the New York State and City Human Rights Laws. By order dated April 8, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). The Court issued an order of service on April 9, 2020, but service was never executed. On August 11, 2020, Plaintiff filed an amended complaint.

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued on the Amended Complaint. If the Amended Complaint is not served within that time,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant New York City Department of Education through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 form with the address for the New York City Department of Education and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff has consented to receive electronic service of court documents. (ECF 10.)

SO ORDERED.

Dated:  August 14, 2020
        New York, New York

_____
VALERIE CAPRONI
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. New York City Department of Education
   Tweed Courthouse
   52 Broadway
   New York, N.Y. 10007