No. 20 Civ. 2424 (VEC)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY HURD BROWN,

                                        Plaintiff,

                    – against –

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**JAMES E. JOHNSON**
*Corporation Counsel of the City of New York*

Attorney for Defendant
100 Church Street, Room 2-300
New York, New York 10007

*Of Counsel*:
Ryan Nasim

Tel: (212) 356-2475
Matter No.: 2020-038133

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY ...................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ………………………………………………………………………………..5

    POINT I ………………………………………………………………………………..5

        THE COMPLAINT FAILS TO PLEAD FACTS
        WHICH PLAUSIBLY SUPPORT PLAINTIFF'S CLAIMS……………………..5

    POINT II ………………………………………………………………………………...19

        PLAINTIFF'S CLAIMS ARE BARRED IN PART
        BY THE APPLICABLE STATUTE OF LIMITATIONS ………………….....19

    POINT III

        PLAINTIFF'S SHRL AND CHRL CLAIMS MUST
        BE DISMISSED FOR FAILURE TO FILE A
        NOTICE OF CLAIM ……………………………………………………………20

    POINT IV

        THE DOCTRINE OF ELECTION OF REMEDIES
        BARS STATE HUMAN RIGHTS AND CITY HUMAN
        RIGHTS LAW CLAIMS ……………………………………………………..21

CONCLUSION……………………………………………………………………………..23

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Pages**

Adams v. Delta Airlines, Inc.,
    2018 U.S. Dist. LEXIS 53534 at *11 (E.D.N.Y. 2018)........................................................12

Alfano v. Costello,
    294 F.3d 364, 374 (2d Cir. 2002)........................................................................................18

Amaya v. Ballyshear, LLC,
    295 F. Supp. 3d 204, 220-21 (E.D.N.Y. 2018)..................................................................17

Amorosi v. South Colonie Ind. Cent. School Dist.,
    9 N.Y.3d 367, 373 (2007) ..................................................................................................19

Anderson v. Nat'l Grid, PLC,
    93 F. Supp. 3d 120, 139 (E.D.N.Y. 2015) .........................................................................10

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).............................................................................................................5

Bagarozzi v. N.Y. City Dep't of Educ.,
    2019 U.S. Dist. LEXIS 56533, *10 (S.D.N.Y. 2019)........................................................21

Bell Atl. Corp v. Twombly,
    550 U.S. 544 (2007).........................................................................................................5, 6

Ben-Levy v. Bloomberg L.P.,
    518 Fed. App'x 17, 20 (2d Cir. 2013)...............................................................................18

Beverley v. N.Y. City Health & Hosps. Corp.,
    2020 U.S. Dist. LEXIS 55946 (S.D.N.Y. 2020).................................................................10

Bonilla v. City of New York,
    2019 U.S. Dist. LEXIS 198817 (S.D.N.Y. 2019)..........................................................21, 22

Boonmalert v. City of New York,
    721 Fed. App'x 29 (2d Cir. 2018)..................................................................................18, 19

Brady v. Wal-Mart Stores,
    531 F.3d 127, 134 (2d Cir. 2008)..........................................................................................7

Brown v. Daikin,
    756 F.3d 219, 230 (2d Cir. 2014)........................................................................................16

Cameron v. Cmty. Aid for Retarded Children, Inc.,
    335 F.3d 60, 63 (2d Cir. 2003)..............................................................................................7

Clark Co. Sch. Dist. V. Breeden,
    532 U.S. 268, 273 (2001) ................................................................................................ 13

Chung v. City Univ. of N.Y.,
    605 F. App'x 20, 21 (2d Cir. 2015) ................................................................................. 8

Davidson v. Bronx Mun. Hosp.,
    64 N.Y.2d 59, 62 (1984) .......................................................................................... 20, 21

De Figueroa v. New York,
    403 F. Supp. 3d 133, 160 (E.D.N.Y. 2019) ..................................................................... 7

Dixon v. Krasdale Foods, Inc.,
    2013 U.S. Dist. LEXIS 172287 (S.D.N.Y. 2013) ........................................................... 22

Fattoruso v. Hilton Grand Vacations Co., LLC,
    525 F. App'x 26, 27 (2d Cir. 2013) ............................................................................... 12

Franchino v. Terence Cardinal Cook Health Care Ctr. Inc.,
    692 Fed. App'x 39, 41 ................................................................................................... 15

Galabya v. N.Y. City Bd. Of Educ.,
    202 F.3d 636, 640 (2d Cir. 2000) .................................................................................... 7

Galimore v. City Univ. of N.Y. Bronx Cmty. College,
    641 F. Supp. 2d 269, 288 (S.D.N.Y. 2009) ................................................................... 13

Gordon v. N.Y.C. Bd. of Educ.,
    232 F.3d 111, 117 (2d Cir. 2000) .................................................................................. 13

Graves v. Finch Pruyn & Co. Inc.,
    457 F.3d 181, 184 (2d Cir. 2006) .................................................................................. 10

Gross v. FBL Fin. Servs.,
    557 U.S. 167, 177 (2009) .............................................................................................. 15

Hall v. New York City Dep't of Transp.,
    701 F. Supp. 2d 318, 336 (E.D.N.Y. 2010) ..................................................................... 9

Harris v. Forklift Sys., Inc.,
    510 U.S. 17, 21 (1993) .................................................................................................. 18

Harris v. Mills,
    572 F.3d 66, 73-74 (2d Cir. 2009) ................................................................................ 11

Henry v. Wyeth Pharms., Inc.,
    616 F.3d 134, 149 (2d Cir. 2010) .................................................................................. 16

Higgins v. NYP Holdings, Inc.,
    836 F. Supp. 2d 182, 187 ...........................................................................................21

Howard v. United Parcel Serv., Inc.,
    101 F. Supp. 3d 343 (S.D.N.Y. 2015) ...........................................................................7

Hubbard v. Port Auth. Of New York & New Jersey,
    05 Civ. 4396 (PAC), 2008 U.S. Dist. LEXIS 12316 (S.D.N.Y. 2008)....................................9

Jacques v. DiMarzio, Inc.,
    200 F. Supp. 2d 151, 157 (E.D.N.Y. 2002) ...................................................................11

Jimenez v. City of N.Y.,
    605 F. Supp. 2d 485, 528 (S.D.N.Y. 2009) ..................................................................12

Krasner v. City of N.Y.,
    580 F. App'x 1, 3 (2d Cir. 2014) ..............................................................................12

Kleinman v. Elan Corp. PLC,
    706 F.3d 145, 152 (2d Cir. 2013)..................................................................................6

Leibowitz v. Cornell Univ.,
    584 F.3d 487, 498 (2d Cir. 2009)..................................................................................7

Leon v. Columbia Univ. Med. Ctr.,
    597 F. App'x 30 (2d Cir. 2015) .................................................................................12

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)........................................................................6, 13, 18

Lincoln v. Potter,
    418 F. Supp. 2d 443, 457 (S.D.N.Y. 2006) ....................................................................8

Liles v. N.Y.C. Dep't of Educ.,
    516 F. Supp. 2d 297, 309 (S.D.N.Y. 2007) ...................................................................19

Marcus v. Leviton Mfg. Co.,
    661 Fed App'x 29, 31-32 (2d Cir. 2016) .................................................................15, 16

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973)............................................................................................6, 15

McNeil v. United States,
    508 U.S. 106, 113 (1993)...........................................................................................19

Murray v. LeRoy Cent. Sch. Dist.,
    67 N.Y.2d 775, 776 (1986) .......................................................................................20

Mejia v. Roosevelt Island Med. Assoc.,
   95 A.D.3d 570, 572 (1st Dep't 2012) .......................................................................9

Moodie v. Fed. Reserve Bank of N.Y.,
   58 F.3d 879, 882 (2d Cir. 1995)...........................................................................22

Moore v. Verizon,
   2016 U.S. Dist. LEXIS 16201, at *40 (S.D.N.Y. 2016) ........................................12

Murray v. Visiting Nurse Servs. of N.Y.,
   528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) ..........................................................13

Osby v. City of N.Y.,
   748 F. App'x 375, 378 (2d Cir. 2018) ...................................................................12

Parochial Bus Sys. v. Bd. of Educ.,
   60 N.Y.2d 539, 548 (1983) ...................................................................................20

Riddle v. Citigroup,
   449 Fed. Appx 66, 69 (2d Cir. 2011) .....................................................................19

Roff v. Low Surgical & Med. Supply, Inc.,
   2004 U.S. Dist. LEXIS 30845 *10-11 (E.D.N.Y. 2004) ..........................................8

Sanders v. N.Y. City Human Res. Admin.,
   361 F.3d 749, 755 (2d Cir. 2004)..........................................................................15

Silvis v. City of New York,
   95 A.D.3d 665, 655 (1st Dep't 2012) ......................................................................8

Smith v. N.Y.C. Dep't of Educ.,
   808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011) ...........................................................20

Smith v. St. Luke's Roosevelt Hosp.,
   2009 U.S. Dist. LEXIS 69995 at *71 (S.D.N.Y. 2009)...........................................12

Sotomayor v. City of New York,
   862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012) .............................................................8

Stembridge v. N.Y.C. Dep't of Educ.,
   88 A.D.3d 611 (1st Dep't 2011) .............................................................................19

Tomassi v. Insignia Fin. Grp., Inc.,
   478 F.3d 111, 115 (2d Cir. 2007)......................................................................15, 17

Univ. of Tex. Sw. Med. Ctr. v. Nassar,
   570 U.S. 338 (2013)................................................................................................12

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72, 90 (2d Cir. 2015)...................................................................................12

Wesley-Dickson v. Warwick Valley Cent. Sch. Dist.,
    973 F. Supp. 2d 386, 402 (S.D.N.Y. 2013) ...........................................................7, 8

York v. Assoc. of the Bar of City of New York,
    286 F.3d 122, 127 (2d Cir. 2002)...........................................................................21

**Statutes**

29 U.S.C. § 623( ...................................................................................... *passim*

Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ..................................... *passim*

Americans with Disability Act of 1990, 42 U.S.C. § 12101 et seq. ..................................... *passim*

New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq. ...................... *passim*

N.Y.C. Admin. Code §§ 8-502(a).......................................................................... *passim*

New York Education Law § 3813 .............................................................................20

New York General Municial Law § 50-e .......................................................... *passim*

New York State Human Rights Law, Executive Law §§ 290, et seq. .................................. *passim*

New York State Human Rights Law, Executive Law §§ 297. ............................................ *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 12 .......................................................................5

## PRELIMINARY STATEMENT

Defendant the Board of Education for the City School District for the City of New York, operating as the New York City Department of Education ("DOE") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's amended complaint ("the Complaint") pursuant to Federal Civil Procedure Rule 12(b)(6).  Plaintiff's claims for age and disability discrimination, hostile work environment and retaliation should be dismissed because the Complaint fails to plead facts that would plausibly support such claims.  Plaintiff's claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA") and the Americans with Disability Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") concerning conduct, which occurred prior to May 23, 2018 are time-barred because such claims relate to conduct occurring more than 300 days before Plaintiff filed her charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant on March 19, 2019.  Plaintiff's claims under the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("SHRL") and City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("CHRL") are barred by the election of remedies doctrine.  Plaintiff's claims under the SHRL and CHRL are also time-barred by the one-year statute of limitations provided in N.Y. Educ. Law § 3813(2-b).  Finally, Plaintiff's State and City law claims should be dismissed for failure to comply with Notice of Claim requirements.  Accordingly, the Complaint should be dismissed in its entirety.

## PROCEDURAL HISTORY

On March 1, 2019, Plaintiff filed a verified complaint with the New York State Division of Human Rights ("NYSDHR") charging DOE with discrimination on the basis of age and disability in violation of N.Y. Exec. Law, Art. 15.  On or about March 19, 2019, Plaintiff's NYSDHR complaint was dually filed with the EEOC, asserting claims for discrimination on the basis of age and disability pursuant to the ADEA and ADA.

1

On or about September 10, 2019, the NYSDHR issued a Determination and Order After Investigation finding that there was "No Probable Cause" to believe that DOE engaged in the discriminatory practices alleged by Plaintiff, a copy of which is annexed to the Declaration of Ryan Nasim, dated December 30, 2020, as **Exhibit A**.  Accordingly, the NYSDHR dismissed Plaintiff's complaint.  Id.

On or about December 26, 2019, the EEOC adopted the NYSDHR's finding and issued a Dismissal and Notice of Rights, advising Plaintiff of her right to file suit within 90 days of receipt of the notice, a copy of which is annexed to the Declaration of Ryan Nasim, dated December 30, 2020 as **Exhibit B**.  Plaintiff received the notice from EEOC on or about January 2, 2020.  See Complaint ECF Dkt. 2 at 6.

Pro se Plaintiff commenced this action against Defendants DOE and Eric Friedman on March 17, 2020 by filing a complaint.  See Complaint, ECF Dkt. No. 2.  On or about August 11, 2020, Plaintiff filed an amended complaint against Defendant DOE, removing former Defendant Eric Friedman as a party to the action.

On or about October 29, 2020, Defendant filed a letter motion to the Court seeking a sixty (60) day extension to respond to the Complaint.  See Dkt. No. 13.  On or about October 30, 2020, the Court granted Defendant's request and ordered that Defendant's response be due by December 30, 2020.

## **STATEMENT OF FACTS**[1]

Plaintiff, Mary Hurd Brown, alleges that she is a sixty-nine (69) year-old attendance teacher who has been employed by Defendant DOE since 1988.   Plaintiff's

---

[1] Defendant's statement of facts is derived from the allegations contained in the Complaint and the documents and materials incorporated by reference therein. Plaintiff's factual allegations are assumed to be true for the purpose of this motion to dismiss only.

employment with the DOE began as a family assistance worker until she became an attendance

teacher in 2001.  <u>See</u> Complaint, ECF Dkt. No. 9, at 8.

An attendance teacher services multiple DOE schools at any given time, but is

assigned to one school for payroll purposes.  <u>See</u> Complaint, ECF Dkt. No. 9, at page 8 of 17.

Without stating the nature of her alleged disability, Plaintiff alleges that she is disabled as a

result of a knee replacement surgery undergone in 2013.  <u>Id</u>.

Beginning in September 2016, Plaintiff was assigned to schools affiliated with the

Affinity Field Support Center ("Affinity").  <u>Id</u>.  Eric Friedman was the attendance supervisor of

Affinity and became Plaintiff's direct supervisor at that time.  <u>Id</u>.  Plaintiff alleges that "senior

staff members" were required to submit daily payroll reporting, to submit weekly and monthly

timesheets in addition to completing ILOGS.[2]  <u>See</u> Complaint, ECF Dkt. No. 9, at page 9, 11,

and 12 of 17.  These time recording devices reflected the travel time for visits to assigned

schools and to students' homes.  <u>Id</u>. at page 12 of 17.

Plaintiff claims that two months after Mr. Friedman Affinity became her

supervisor, he "refused to approve [her] use of a personal vehicle for [her] position."  She further

states that "younger attendance teachers in Manhattan Affinity Network did not have their car

usage privileges revoked."  <u>See</u> Complaint, ECF Dkt. No. 9, at page 8 of 17.  Plaintiff asserts that

in the month that followed, she was "verbally assaulted and publicly humiliated" by Mr.

Friedman in the presence of students and colleagues.  <u>Id</u>.

Plaintiff alleges that on or about December 13, 2016, Mr. Friedman spoke to her

in a manner she deemed to be a "verbal assault by screaming at [Plaintiff] in front of colleagues

that [she] was old and that [Mr. Friedman] would take away [her] job and [her] license."  <u>Id</u>.  .

---

[2] ILOG is a DOE database used to log/track attendance teachers' home visits.

On or about June 5 and June 6, 2017, Plaintiff conceded that she attended non-DOE conferences without requesting permission.  See Complaint, ECF Dkt. No. 9, at page 9 of 17.  Thereafter, Plaintiff was disciplined for attending those the non-DOE conferences without the requisite authorization.  Id.

Plaintiff alleges that on or about June 27, 2017, she received an unsatisfactory performance evaluation rating for the 2016-2017 school year issued by Principal Patricia Mineya.  Id.  Plaintiff conceded that she also previously received an unsatisfactory rating during the 2007-2008 school year.  Id.  Additionally, during the 2016-2017 school year, Plaintiff failed to provide receipts related to her travel expenses in violation of DOE policy;and failed to submit her ILOG entries on a monthly basis.  Id. at page 9, 12 of 17.

In or around September 2017, Plaintiff filed a discrimination complaint with the DOE's Office of Equal Opportunity and Diversity Management ("OEO").  Id. at page 9 of 17.

During the 2017-2018 school year, Plaintiff received another unsatisfactory performance evaluation rating due to her inadequate work performance, insubordination, and verbal misconduct.  Id. at page 10 of 17.

. During the 2018-2019 school year, Plaintiff received several letters to her file from multiple DOE employees, including Principal Gabbard who issued Plaintiff a disciplinary letter for conducting an insufficient number of home visits and insubordination.  Id. at page 10, 11, and 12 of 17.

On or about January 25, 2019, the DOE preferred charges pursuant to Education Law § 3020-a against Plaintiff due to her consistent poor work performance and unprofessional conduct.  Id. at page 13 of 17.  The hearing is scheduled to commence during January 2021.

The Complaint does not allege that Plaintiff was terminated, demoted, had her employment title changed or suffered any decrease in her salary rate or benefits.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO PLEAD FACTS WHICH PLAUSIBLY SUPPORT PLAINTIFF'S CLAIMS.

**A.     Motion to Dismiss Standard of Review.**

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief,'" and must, therefore, be dismissed.  Id.; Twombly, 550 U.S. at 557, 570 ("[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").  Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See Iqbal, 556 U.S. at 678-79.  Further, courts "are not bound to accept as true a legal conclusion couched

as a factual allegation," and need not accept as true any conclusory allegations.  Id. at 678, 681

(quoting and citing Twombly, 550 U.S. at 554-55).

    In the context of an employment discrimination complaint, the "requirement to

plead facts is assessed in light of the presumption that arises in the plaintiff's favor under

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),] in the first stage of the litigation."

Littlejohn v. City of New York, No. 14-1395-cv, 2015 U.S. App. LEXIS 13475, at *22 (2d Cir.

2015).   As such, absent direct evidence of discrimination, to survive a motion to dismiss a

complaint of discrimination "must be plausibly supported by facts alleged . . . that the plaintiff is

a member of a protected class, was qualified, suffered an adverse employment action, and has at

least minimal support for the proposition that the employer was motivated by discriminatory

intent." Id. at 25 (emphasis added).

    Although, on a motion to dismiss under Rule 12(b)(6) a court is generally

confined to the facts alleged in the complaint, a court may, however, consider materials attached

or incorporated by reference into the complaint, as well as matters of which judicial notice may

be taken, public records, and documents that the plaintiff either possessed or knew about, and

relied upon, in bringing the suit. Kleinman v. Elan Corp., PLC, 706 F.3d 145, 152 (2d Cir. 2013).

**B.    Plaintiff Fails to State a Plausible Claim of Disability Discrimination.**

    The ADA provides that "[n]o covered entity shall discriminate against a qualified

individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of

employees . . . and other terms, conditions, and privileges of employment."   42 U.S.C. §

12112(a).  In order to establish a *prima facie* case of disability discrimination under the ADA or

the SHRL, a plaintiff must establish that: (1) her employer is subject to the relevant statute; (2)

she was disabled under the meaning of the ADA or the SHRL; (3) she was otherwise qualified to

perform the essential functions of her job, with or without a reasonable accommodation; and (4)

she suffered an adverse employment action because of her disability.  See Cameron v. Cmty. Aid

for Retarded Children, Inc., 335 F.3d 60, 63 (2d Cir. 2003); Howard v. United Parcel Serv., Inc.,

101 F. Supp. 3d 343, 352 (S.D.N.Y. 2015).

> 1. The absence of facts plausibly suggesting an adverse employment action requires
>    dismissal of Plaintiff's claim of disability discrimination under the Rehabilitation
>    Act, ADA and SHRL and CHRL[3].

An adverse employment action is a "materially adverse change in the terms and

conditions of employment," something "more disruptive than a mere inconvenience or an

alteration of job responsibilities" such as a termination of employment, a demotion evidenced by

a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly

diminished material responsibilities, or other indices that might be unique to a particular

situation."  See Galabya v. N.Y. City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000).  Plaintiff's

claims under the SHRL and federal law are analyzed under the same standard.  Leibowitz v.

Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009).  Even under the more liberal CHRL standard,

Plaintiff's claims would still fail as a matter of law because Plaintiff has not alleged actions that

can be considered adverse employment actions.

An essential element of a disability discrimination claim is that the plaintiff

suffered an adverse employment action because of her disability. See Brady v. Wal-Mart Stores,

531 F.3d 127, 134 (2d Cir. 2008); De Figueroa v. New York, 403 F. Supp. 3d 133, 160

(E.D.N.Y. September 5, 2019); Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 973 F.

---

[3] It must be noted that under N.Y.C. Local Law No. 85 (2005) (the "Restoration Act"), "the
provisions of New York City's Human Rights Law are to be construed independently from
similar or identical provisions of New York state or federal statutes."  Further, the Second
Circuit requires courts to analyze CHRL claims separately from similar federal and state law
claims while doing so broadly in favor of discrimination plaintiffs.  Mihalik v. Credit Agricole
Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013); Williams v. New York City Hous.
Auth., 61 A.D.3d 62, 65-66 (1st Dep't 2009); Bennett v. Health Mgt. Sys., Inc., 92 A.D.3d 29,
45 (1st Dep't 2011).

Supp. 2d 386, 402 (S.D.N.Y. September 24, 2013).[4]  As an initial matter, disciplinary letters to file, without more, do not constitute an adverse employment action. Chung v. City Univ. of N.Y., 605 F. App'x 20, 21 (2d Cir. 2015).  Disciplinary letters to Plaintiff's personnel file do not rise to the level of an adverse employment action, where as here, they do not trigger any adverse consequences, such as termination, suspension, or other forms of loss of pay.  Sotomayor v. City of New York, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012).  Similarly, negative evaluations or reprimands, alone, do not constitute adverse actions. See Roff v. Low Surgical & Med. Supply, Inc., 2004 U.S. Dist. LEXIS 30845 *10-11, *18-19 (E.D.N.Y. May 11, 2004). See also Chung, 605 F. App'x at 21; Roff, 2004 U.S. Dist. LEXIS at *10-11, *18-19.  Examples of a material adverse employment action include termination of employment or demotion as indicated by diminution in wage, less distinguished title, material loss of benefits or wages and significantly diminished material responsibilities.  Lincoln v. Potter, 418 F. Supp. 2d 443, 457 (S.D.N.Y. 2006).

Indeed, even under the CHRL's more liberal standard, it was not an adverse employment action to reassign Plaintiff to teach at a different payroll school as a result of her poor work performance, to issue disciplinary letters to her file, or to give unsatisfactory ratings. See, e.g., Silvis v. City of New York, 95 A.D.3d 665, 655 (1st Dep't 2012) (plaintiff's "transfer from the position of literacy coach to classroom teacher was 'merely an alteration of her responsibilities," where plaintiff also alleged that she was subjected to a "relentless stream of reprimands," does not constitute an adverse employment action).  Similarly, although Plaintiff

---

[4] The sole disability Plaintiff is alleging is the fact that she underwent knee replacement surgery in 2013.  See Complaint.  For purposes of this motion only, Defendant presumes that knee replacement surgery is an actionable disability under the ADA and/or the Rehabilitation Act.  As set forth herein, however, Plaintiff still cannot establish a claim of disability discrimination under any of the statues she references.

takes issue with the letters to her personnel file citing to her professional misconduct, "reprimands and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation." Mejia v. Roosevelt Island Med. Assoc., 95 A.D.3d 570, 572 (1st Dep't 2012) (citing Hall v. New York City Dep't of Transp., 701 F. Supp. 2d 318, 336 (E.D.N.Y. 2010)).

Although Plaintiff is dissatisfied with her supervisor's decision to scrutinize her professional performance, the Complaint still fails to allege that the disciplinary letters to Plaintiff's file was false, or was otherwise accompanied by any unfavorable consequences such as a decrease in pay, loss of benefits, diminished material responsibilities or being placed on probation. See Hubbard v. Port. Auth. of New York & New Jersey, 05 Civ. 4396 (PAC), 2008 U.S. Dist. LEXIS 12316 (S.D.N.Y. Feb. 20, 2008).

Plaintiff also contends that she suffered other adverse employment actions, when she was reassigned to another school, asked to complete daily payroll reporting, asked to complete new timesheets, and reassigned from her teaching duties on February 1, 2019. However, these actions do not rise to the level of an adverse employment action for the purposes of establishing a prima facie case of disability discrimination because these actions are not material adverse changes to Plaintiff's job duties and responsibilities. Further, Plaintiff was neither terminated, demoted, underwent a loss in wages, appointed to a less distinguished title, nor did she lose benefits. Plaintiff's reassignment from her teaching duties on February 1, 2019 was merely an alteration of her responsibilities and not an adverse employment action. Simply, Plaintiff's employment status, salary, and benefits remained unchanged. Therefore, Plaintiff's disability discrimination claims under the Rehabilitation Act, ADA, SHRL, and CHRL requires dismissal because she fails to plead plausible facts that suggest an adverse employment action.

2.  The absence of facts plausibly suggesting that actions were taken because of
    <u>Plaintiff's alleged disability requires dismissal of Plaintiff's claims.</u>

Plaintiff cannot satisfy another essential element of a disability discrimination claim because the Complaint fails to plead facts plausibly suggesting that the actions allegedly taken against her were due to her alleged disability.  Indeed, there are no facts in the Complaint that can plausibly give rise to an inference of disability discrimination.  <u>Beverley v. N.Y. City Health & Hosps. Corp.</u>, 2020 U.S. Dist. LEXIS 55946 (S.D.N.Y. March 30, 2020), reconsideration den'd, 2020 U.S. Dist. LEXIS 176741 (S.D.N.Y., Sept. 25, 2020) (holding that the plaintiff's discrimination claims on the basis of her race and national origin fail because plaintiff failed to sufficiently plead a causal link beyond conclusory statements between her race and national origin and the alleged adverse employment actions.).

3.  <u>Plaintiff fails to state a claim for failure to provide a reasonable accommodation.</u>

Plaintiff's claim that DOE failed to provide her with a reasonable accommodation also fails.  To establish a *prima facie* case of disability discrimination on the basis of a failure to accommodate, a plaintiff must establish: (1) that she is a person with a qualifying disability; (2) that the employer had notice of her disability; (3) that she could perform the essential functions of her job with a reasonable accommodation; and (4) that the employer refused to make such accommodations.  <u>See</u> <u>e.g.</u>, <u>Graves v. Finch Pruyn & Co. Inc.</u>, 457 F.3d 181, 184 (2d Cir. 2006) (internal citations omitted).  A plaintiff fails to state a claim for disability discrimination based on a failure to accommodate where no accommodation is needed to perform her essential functions.  <u>See</u> <u>Anderson v. Nat'l Grid, PLC</u>, 93 F. Supp. 3d 120, 139 (E.D.N.Y. 2015) (granting summary judgment to employer as to Plaintiff's failure to accommodate claim because "there is insufficient evidence from which a rational factfinder could conclude that plaintiff needed a

reasonable accommodation to perform the essential functions of his job[.]").   In this case, Plaintiff has not established a *prima facie* case of disability discrimination based on the failure to accommodate because her purported disability of a "knee replacement" is not considered a qualifying disability under the ADA.   Further, Plaintiff's purported physical impairment of a "knee replacement" has not and does not prevent her from performing her essential work duties and responsibilities.   Accordingly, Plaintiff's discrimination claim on the basis of a failure to accommodate must be dismissed.

4.   <u>Plaintiff fails to state a claim under the relevant provisions of the ADA or Rehabilitation Act.</u>

In order to state a *prima facie* cause of action under the relevant provisions of the ADA or Rehabilitation Act, a Plaintiff must establish (1) that he or she is a qualified individual with a disability; (2) that the defendants are subject to the relevant statute; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendant's services, programs, or activities, or was otherwise discriminated against by defendants, as a result of his or her disability.   <u>Harris v. Mills</u>, 572 F.3d 66, 73-74 (2d Cir. 2009).   Further, under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment."   42 U.S.C. § 12102(1); 29 C.F.R. 1630.2(g); see <u>also</u> <u>Jacques v. DiMarzio, Inc.</u>, 200 F. Supp. 2d 151, 157 (E.D.N.Y. 2002) (holding "merely having an impairment does not make one disabled for purposes of the ADA. Claimants must demonstrate that the impairment substantially limits a major life activity.").   Here, Plaintiff's purported disability of a "knee replacement" is likely not a recognized disability under the ADA because Plaintiff's complaint fails to allege that the knee replacement substantially limited a major life activity.   Further, Plaintiff has failed to alleged that she was denied the opportunity to participate

in or benefit from DOE's services, programs or activities.  DOE has not denied Plaintiff the benefit or participation in any of its services, programs, or activities as Plaintiff is still currently employed by DOE as a full-time employee.   Accordingly, Plaintiffs claims under the Rehabilitation Act must be dismissed.

**C.**      **Plaintiff Fails to State a Plausible Claim of Retaliation.**

Retaliation claims under the Rehabilitation Act, ADA, SHRL and CHRL are all analyzed under the same framework. See Krasner v. City of N.Y., 580 F. App'x 1, 3 (2d Cir. 2014) (SHRL); Adams v. Delta Airlines, Inc., No. 16-CV-1986 (KAM)(LB), 2018 U.S. Dist. LEXIS 53534, at *11 (E.D.N.Y. Mar. 29, 2018) (Rehabilitation Act); Smith v. St. Luke's Roosevelt Hosp., No. 08 Civ. 4710 (GBD)(AJP), 2009 U.S. Dist. LEXIS 69995, at *71 (S.D.N.Y. Aug. 11, 2009) (ADA);  Leon v. Columbia Univ. Med. Ctr., No. 11-cv-08559 (NSR), 2013 WL 6669415, at *12 (S.D.N.Y. Dec. 17, 2013) *aff'd*, 597 F. App'x 30 (2d Cir. 2015); Fattoruso v. Hilton Grand Vacations Co., LLC, 525 F. App'x 26, 27 (2d Cir. 2013).

Among the elements of a retaliation claim that a plaintiff must demonstrate is a causal nexus between the alleged adverse action and the protected activity. Moore v. Verizon, No. 13-cv-6467 (RJS), 2016 U.S. Dist. LEXIS 16201, at *40 (S.D.N.Y. Feb. 5, 2016); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015).  To sufficiently plead causation, a plaintiff "must plausibly allege that the retaliation was a 'but for' cause of the employer's adverse action." Vega, 801 F.3d at 90 (citing Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013)).

In the context of retaliation claims, an employment action is adverse if it is "'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Osby v. City of N.Y., 748 F. App'x 375, 378 (2d Cir.

12

2018) (*quoting* Hicks v. Baines, 593 F.3d 159, 165 (2d Cir. 2010); Jimenez v. City of N.Y., 605 F. Supp. 2d 485, 528 (S.D.N.Y. 2009).

A causal connection in retaliation claims can be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, known as temporal proximity, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Littlejohn v. City of N.Y., 795 F.3d 297, 319 (2d Cir. 2015) (*quoting* Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000) (internal quotations omitted)).  To show causation indirectly, by means of temporal proximity, the temporal proximity must be "very close." See Clark Co. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); Galimore v. City Univ. of N.Y. Bronx Cmty. College, 641 F. Supp. 2d 269, 288 (S.D.N.Y. 2009) (*citing* Murray v. Visiting Nurse Servs. of N.Y., 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.")).

Here, Plaintiff fails to allege facts showing a causal connection between the filing of her internal OEO complaint in September 2017 and any adverse employment action.  Plaintiff alleges that as a result of this protected activity, she received disciplinary letters, an unsatisfactory rating for the 2017-2018 school year, school reassignments, newly assigned duties and ultimately received § 3020-a charges.  These retaliation claims fail to rise to the level of actionable adverse employment actions, and the remainder are too remote in time to support Plaintiff's retaliation claims and some occurred *prior* to the filing of Plaintiff's complaint of discrimination.  Specifically, Plaintiff filed her initial complaint of discrimination with OEO in

September 2017.  However, Plaintiff received an unsatisfactory rating more than two (2) months prior to the filing of her complaint, on or about June 27, 2017.  See Complaint ECF Dkt. No. 9, at page 9 of 17.  Notably, Plaintiff's allegation that Mr. Friedman refused to allow her to use her personal vehicle occurred in November 2016, approximately ten (10) months prior the filing of the OEO complaint.  Further, Plaintiff's allegation that Mr. Friedman "verbally assaulted" her also occurred approximately nine (9) months prior to the filing of her OEO complaint.  Accordingly, there is no causal connection to the filing of her internal OEO complaint and the actions complained of in the Complaint that occurred prior to the filing of the OEO complaint and are too remote in time to support a claim of retaliation.

Subsequent to the filing of the internal OEO complaint, Plaintiff alleges that she was assigned to new schools, required to submit daily payroll reporting, complete time sheets, received multiple letters to file, was issued an unsatisfactory rating for the 2017-2018 school year, was served with 3020-a charges and was reassigned from her teaching duties.  Similarly, there is no causal connection to the filing of the internal OEO complaint and these subsequent alleged actions.  The unsatisfactory rating she received subsequent to the filing of her OEO complaint is too remote in time.  Specifically, Plaintiff's unsatisfactory rating subsequent to the filing of her OEO complaint was nearly nine (9) months later on June 26, 2018.  Further, there is no causal link to Plaintiff's allegation that she was reassigned from her teaching duties on February 1, 2019, as a result of the internal OEO complaint.  Plaintiff's reassignment is too remote in time as she was reassigned from her teaching duties more than one (1) year and four (4) months after the filing of the internal OEO complaint.  Accordingly, Plaintiff's claim of retaliation should be dismissed because the Complaint does not set forth facts demonstrating a

causal nexus between any actionable adverse employment actions and the filing of Plaintiff's OEO complaint.

**D.      Plaintiff Fails to State a Plausible Age Discrimination Claim.**

The ADEA protects employees who are at least forty (40) years old from discrimination on the basis of age.  See 29 U.S.C. §§ 623(a)(1), 631(a).  In an ADEA case, "to survive a motion to dismiss under Rule 12(b)(6), what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent."   Franchino v. Terence Cardinal Cook Health Care Ctr. Inc., 692 Fed. App'x 39, 41 (2d Cir. 2017) (citations and quotations omitted). Because a plaintiff in an ADEA case must ultimately show that age was the "but-for" cause of the adverse employment action, on a motion to dismiss, the plaintiff must plead "sufficient facts to plausibly support a minimal inference of 'but-for' causality," that is, the adverse employment action would not have occurred without the plaintiff's age. Marcus v. Leviton Mfg. Co., 661 Fed App'x 29, 31-32 (2d Cir. 2016).  See Gross v. FBL Fin. Servs., 557 U.S. 167, 177 (2009); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  Age discrimination claims pursuant to the SHRL and CHRL are analyzed under the same standard.  See Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 115 n.3 (2d Cir. 2007) ("[A]ge discrimination claims under the ADEA, NYSHRL, and NYCHRL are analyzed under the same standard . . . ").

1.      Plaintiff Has Not Pled Discriminatory Intent.

As noted above, Plaintiff has not alleged facts plausibly suggesting she suffered an actionable adverse employment action.   In addition to failing to plead facts that plausibly suggest that Plaintiff suffered an adverse employment action, Plaintiff's age discrimination claims fail because she has not adequately pled any facts that gives rise to an inference of

discrimination.  First, the Complaint contends that Mr. Friedman denied Plaintiff's use of a personal vehicle for her position.  This allegation does not give constitute a "materially adverse change" in the terms of the conditions of Plaintiff's employment.  See Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) (holding that an adverse employment action is a "materially adverse change" in the terms and conditions of employment that is more disruptive than a mere inconvenience or an alteration of job responsibilities.)

Second, Plaintiff's conclusory allegation that unidentified "younger attendance teachers . . . did not have their car usage privileges revoked" is insufficient to satisfy the causation prong of an ADEA claim.  See Complaint, at 8 of 17 ¶ "5."  The Complaint, however, is bereft of any specific facts to support this bare allegation.  Marcus, 661 Fed App'x at 32.  The Complaint is similarly silent as to whether a "younger" attendance teachers includes, in fact, younger teachers than plaintiff or rather newly employed teachers.  The Complaint does not provide any names or ages, with respect to who received more favorable treatment than Plaintiff. Id.  Similarly, the Complaint is devoid of any factual allegation demonstrating how the allegedly favored, "younger" attendance teachers are similarly situated to Plaintiff "in all material aspects."  Brown v. Daikin, 756 F.3d 219, 230 (2d Cir. 2014).

Third, Plaintiff's reliance on two hearsay comments from Mr. Friedman are merely isolated stray remarks which are insufficient to support an inference of discrimination. Plaintiff alleges that on or about December 13, 2016 during a professional development workshop, Mr. Friedman "verbally assaulted" Plaintiff and told her, in front of colleagues, that "[she] was old and that he would take away [her] job and [her] license."  See Complaint, ECF Dkt. No. 9, at page 8 of 17.  In determining whether a remark is probative of discriminatory intent, courts have considered four factors: (1) who made the remark (i.e., a decision-maker, a

supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process).  Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010).  The Second Circuit has held that these are non-dispositive factors, and is rather a framework to aid in the analysis of whether the remark is directly related to the alleged adverse employment action against the plaintiff.  Id. at 150.

      In this case, Plaintiff alleges that Mr. Friedman made two comments: (1) that "[Plaintiff] was old;" and (2) that "he would take away [her] job and [her] license."  See Complaint ECF Dkt. No. 9, at page 8 of 17.   Although Mr. Friedman was Plaintiff's supervisor, these remarks were made in December 2016, approximately three (3) months after Plaintiff began working under Mr. Friedman's supervision, approximately five (5) months prior to Plaintiff's 2016-2017 unsatisfactory rating, and approximately nine (9) months prior to Plaintiff's discrimination complaint with the DOE's OEO.  Therefore, these comments were unrelated to the decision-making process as they were not made during the course of an evaluation.  Thus, even if a reasonable juror viewed these remarks as offensive, it is less likely that a reasonable juror could find these remarks discriminatory.  Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 116 (2d Cir. 2007) (finding that "[t]he relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumption or attitudes relating to the protected class.").

      Finally, Plaintiff has not pled nor offered any evidence to establish that age discrimination was the "but-for" cause of any actions undertaken by the DOE.  Moreover, the Complaint is devoid of any factual allegations giving rise to an inference that Plaintiff's age was

the "but-for" cause of DOE's conduct.  See Amaya v. Ballyshear, LLC, 295 F. Supp. 3d 204, 220-21 (E.D.N.Y. 2018) ("[n]aked assertions of . . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss."). Accordingly, Plaintiff's age discrimination claim should be dismissed.

**E.      Plaintiff's Hostile Work Environment Claim Fails.**

To state a claim for a hostile work environment, under the ADEA, the ADA, and the NYSHRL, a plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citations and quotations omitted). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive."  Littlejohn v. City of New York, 795 F.3d 297, 321 (2d Cir. 2015) (citations and quotations omitted).   Generally, unless an incident of harassment is sufficient severe, "incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive."  Alfano v. Costello, 294 F.3d 364, 374 (2d Cir. 2002).  Plaintiff must also allege that the conduct creating the hostile work environment occurred because of her protected status.  Ben-Levy v. Bloomberg L.P., 518 Fed. App'x 17, 20 (2d Cir. 2013).  Claims under the SHRL are analyzed under the same standard.  Id.

"While under the []CHRL, the alleged hostile conduct need not be severe or pervasive, [plaintiff] must still allege that h[er] age was the motivating factor behind any workplace hostility . . . ."  Boonmalert v. City of New York, 721 Fed. App'x 29 (2d Cir. 2018).

Here, Plaintiff's Complaint is devoid of any allegation of severe or pervasive workplace conditions that occurred because of her protected class. Rather, Plaintiff's Complaint mentions incidents of supervisory comments and criticism connected to episodes of Plaintiff's poor work performance. Accordingly, Plaintiff's claim for hostile work environment must be dismissed.

## POINT II

## PLAINTIFF'S CLAIMS ARE BARRED IN PART BY THE APPLICABLE STATUTE OF LIMITATIONS.

As a predicate to bringing an ADA and ADEA claim, a plaintiff must first file a timely administrative charge of discrimination with the EEOC or a state agency within 300 days of the allegedly discriminatory act. See Riddle v. Citigroup, 449 Fed. Appx. 66, 69 (2d Cir. 2011); Liles v. N.Y.C. Dep't of Educ., 516 F. Supp. 2d 297, 309 (S.D.N.Y. 2007). To be timely, a plaintiff must file a discrimination charge with a state agency within 300 days of the occurrence of the allegedly unlawful employment practice. Boonmalert v. City of New York, 721 F. App'x 29, 31 (2d Cir. 2018). It is well established that pro se plaintiffs are not excused from complying with procedural rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff filed her Charge of Discrimination with the EEOC on March 19, 2019. See EEOC Charge of Discrimination, a copy of which is annexed to the Declaration of Ryan Nasim, dated December 30, 2020 as **Exhibit B**. Accordingly, Plaintiff's claims and allegations of discriminatory or retaliatory acts occurring prior to May 23, 2018, are time-barred. See 42 U.S.C. § 2000e-5(e)(1).

19

Similarly, Plaintiff's State and City law claims premised on incidents that occurred before March 17, 2019 must also be dismissed as time-barred.  Under New York Education Law § 3813, no action may be commenced under the State or City human rights laws against the DOE or any officer of a school district "more than one year after the cause of action arose." N.Y. Educ. Law. § 3813(2-b); Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367, 373 (2007); Stembridge v. N.Y.C. Dep't of Educ., 88 A.D.3d 611 (1st Dep't 2011). As Since Plaintiff commenced this action on March 17, 2020 each claim premised on an alleged incident that occurred before March 17, 2019 should be dismissed as time-barred.  See Amorosi, 9 N.Y.3d at 369 (one year statute of limitations period for employment discrimination claims under the Education Law).

## POINT III

### PLAINTIFF'S SHRL AND CHRL CLAIMS MUST BE DISMISSED FOR FAILURE TO FILE A NOTICE OF CLAIM

Pursuant to Education Law §3813(1) (applying to non-tort claims) and § 3813(2) (applying to tort claims and referring to the procedures in N.Y. Gen. Mun. Law § 50-e), a notice of claim must be served "within three months after the accrual of such claim" (for non-tort claims) or "within ninety days after the date the claim arises" (for tort claims).  Plaintiff bears the obligation to plead and prove that she filed a notice of claim within ninety days of the accrual of her claims. Smith v. N.Y.C. Dep't of Educ., 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011).  Plaintiff must also "allow thirty days to elapse after the notice of claim is filed before filing a complaint, and show that in that time period the defendant has either neglected or refused to satisfy the claim." Id.  Notice of claim requirements are strictly construed. See Murray v. LeRoy Cent. Sch. Dist., 67 N.Y.2d 775, 776 (1986).

If a litigant fails to properly file a notice of claim, she will be deemed to have failed to satisfy a necessary condition to initiate her claim and a proceeding thereafter filed will be dismissed. See Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (1984).  Courts are without power to disregard failure to comply with notice of claim requirements. See Parochial Bus Sys. V. Bd. of Educ., 60 N.Y.2d 539, 548 (1983).

Upon information and belief, Plaintiff did not file a notice a claim prior to commencing the action on March 17, 2019; the Complaint itself makes no reference to such a notice.  Therefore, all of Plaintiff's State and City claims must be dismissed for failure to comply with notice of claim requirements.[5]  See Davidson, 64 N.Y.2d at 62; Bagarozzi v. N.Y. City Dep't of Educ., 2019 U.S. Dist. LEXIS 56533, *10 (S.D.N.Y. Mar. 31, 2019) (dismissing SHRL and CHRL claims on this basis, and rejecting plaintiff's argument that an administrative charge of discrimination obviated the need for a notice of claim).

### POINT IV

### THE DOCTRINE OF ELECTION OF REMEDIES BARS STATE HUMAN RIGHTS LAW CLAIMS.

Plaintiff's claims under the New York State Human Rights Law ("SHRL") are barred by the election of remedies doctrine.  Under the election of remedies doctrine, a

---

[5] Should the Court dismiss Plaintiff's federal claims, rather than declining supplemental jurisdiction over Plaintiff's SHRL and CHRL claims, the Court should exercise jurisdiction over those claims in the Complaint, give them an independent liberal analysis, and dismiss them on the merits, in the interest of judicial economy.  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) ("when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity,'" and endorsing a lower court's decision to exercise supplemental jurisdiction) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)); see also Vosatka v. Columbia Univ., No. 04-CV-2936 (LAP), 2005 U.S. Dist. LEXIS 18139, at *25 n.24 (S.D.N.Y. Aug. 24, 2005) ("in the interest of judicial economy, I will exercise supplemental jurisdiction over [plaintiff's SHRL] claim").

complainant who files a complaint with the SDHR cannot subsequently sue in court on the same

claims.  Bonilla v. City of New York, 2019 U.S. Dist. LEXIS 198817 (S.D.N.Y. 2019).  This

rule is set forth in the text of both the NYSHRL and the NYCHRL.  Id. at 23; York v. Assoc. of

the Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002); Higgins v. NYP Holdings, Inc.,

836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011).  Further, New York State Executive Law Section

297(9), which is part of the NYSHRL, reads, in pertinent part that "[a]ny person claiming to be

aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of

appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or

with any local commission on human rights . . . provided that, where the division has dismissed

such complaint on the grounds . . . that the election of remedies[.]". N.Y. Exec. Law § 297(9).

Further, the New York City Administrative Code contains an analogous election of remedies

clause.  New York City Administrative Code Section 8-502(a) states in pertinent part, that "any

person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of

action in any court of competent jurisdiction . . . unless such person has filed a complaint with

the city commission on human rights or with the state division of human rights with respect to

such alleged unlawful discriminatory practice or act of discriminatory harassment or violence."

N.Y.C. Admin. Code § 8-502(a) see also Dixon v. Krasdale Foods, Inc., No. 13 Civ. 3045 (CM),

2013 U.S. Dist. LEXIS 172287 (S.D.N.Y. 2013).  Accordingly, under both the NYSHRL and the

NYCHRL, "the remedies of administrative review through the [SDHR and CCHR] or judicial

review are mutually exclusive."  Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 882 (2d

Cir. 1995).  "Once a complainant elects the administrative forum by filing a complaint with the

[SDHR or CCHR], a subsequent judicial action on the same complaint is generally barred."  Id.

at 883.

The election of remedies doctrine imposes two jurisdictional bars: one direct and one derivative.  Bonilla v. City of New York, 2019 U.S. Dist. LEXIS 198817 at 25.  The direct bar divests a court of subject matter jurisdiction over any claims previously submitted to the SDHR or CCHR.  Id.  The derivative bar prevents courts from hearing claims that arise out of the same incident that the SDHR or CCHR complaint was based on.  Id.  Under the derivative bar, the claims need not be identical in order to be barred by the state city election of remedies provisions.  Id.  Moreover, the election of remedies derivative bar precludes the plaintiff from raising any new legal theories or claims that are premised on the same events in the underlying SDHR or CCHR complaint.  Id. at 25-26.  If the issues raised before the SDHR or CCHR have sufficient identity to the issues raised and alleged in his complaint, then the election of remedies doctrine will preclude a court from adjudicating those claims.  Id.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and deny the relief sought therein in all respects, and grant such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              December 30, 2020

                            **JAMES E. JOHNSON**
                            *Corporation Counsel of the City of New York*
                            Attorney for Defendant
                            100 Church Street, Room 2-300
                            New York, New York 10007
                            (212) 356-2475
                            rnasim@law.nyc.gov

                    By:         */s/ Ryan Nasim*
                            _____
                            Ryan Nasim
                            Assistant Corporation Counsel

To:
MARY HURD BROWN
*Pro Se Plaintiff*
P.O. Box 1113
Bronx, NY 10451