Docket No. 20 CV 2424 (VEC)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY HURD BROWN,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-300*
*New York, N.Y.  10007*

*Of Counsel:  Ryan Nasim*
*Tel:  (212) 356-2475*
*Matter No.:  2020-028133*

Bruce Rosenbaum,
Ryan Nasim,
  Of Counsel.

# TABLE OF CONTENTS

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 2

      POINT I ............................................................................................................................ 2

            THE COURT SHOULD DISMISS CLAIMS FOR
WHICH PLAINTIFF HAS FAILED TO SUBMIT
ANY OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS. ........................................................................................... 2

      POINT II ........................................................................................................................... 5

            PLAINTIFF FAILS TO STATE A PLAUSIBLE
CLAIM OF AGE DISCRIMINATION UNDER
THE ADEA, THE REHABILITATION ACT, THE
ADA, SHRL, AND CHRL. ....................................................................................... 5

CONCLUSION ........................................................................................................................ 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Adams v. N.Y. State Educ. Dep't,
 752 F. Supp. 2d 420 (S.D.N.Y. 2010)..........................................................................3

Amaya v. Ballyshear, LLC,
 295 F. Supp. 3d 204 (E.D.N.Y. 2018) .......................................................................8

Bagarozzi v. N.Y. City Dep't of Educ.,
 2019 U.S. Dist. LEXIS 56533 (S.D.N.Y. Mar. 31, 2019) ........................................4

Beverley v. N.Y. City Health & Hosps. Corp.,
 2020 U.S. Dist. LEXIS 55946 (S.D.N.Y. March 30, 2020), reconsideration
 den'd, 2020 U.S. Dist. LEXIS 176741 (S.D.N.Y. Sep. 25, 2020)............................6

Bonilla v. City of New York,
 2019 U.S. Dist. LEXIS 198817 (S.D.N.Y. 2019)....................................................5

Davidson v. Bronx Mun. Hosp.,
 64 N.Y.2d 59 (1984) .................................................................................................4

Hill v. Curcione,
 657 F.3d 116 (2d Cir. 2011).......................................................................................5

Lipton v. Cty. Of Orange, N.Y.,
 315 F. Supp. 2d 434 (S.D.N.Y. 2004).......................................................................3

Morse v. Univ. of Vt.,
 973 F.2d 122 (2d Cir. 1992).......................................................................................4

Reid v. Ingerman Smith LLP,
 876 F. Supp. 2d 176 (E.D.N.Y. 2012) .......................................................................3

Silverman v. Household Fin. Realty Corp. of New York,
 979 F. Supp. 2d 313 (E.D.N.Y. 2013) ......................................................................3

Slattery v. Swiss Reins. Am. Corp.,
 248 F.3d 87 (2d Cir. 2001)........................................................................................7

Tomassi v. Insignia Fin. Group, Inc.,
 478 F.3d 111 (2d Cir. 2007).......................................................................................7

Wright v. NY City Off-Track Betting Corp.,
 2008 U.S. Dist. LEXIS 22567 (S.D.N.Y. Mar. 24, 2008) .......................................7

**Statutes**

ADA ........................................................................................................................................3, 4

ADEA .......................................................................................................................... *passim*

Age Discrimination in Employment Act .......................................................................................3

Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. .................................4

American with Disability Act of 1990, 42 U.S.C. §§ 12101 et seq. ...............................................4

CHRL ......................................................................................................................... *passim*

City Human Rights Law .............................................................................................................4

New York Education Law § 3813 ............................................................................................3, 4

Rehabilitation Act, ADA ............................................................................................................5

Rehabilitation Act Section 504 ..........................................................................................4, 5, 6, 7

SHRL .......................................................................................................................... *passim*

State Human Rights Law .............................................................................................................4

**Other Authorities**

Federal Civil Procedure Rule 12(b)(6) ........................................................................................1

Federal Rules of Civil Procedure Rule 12(b)(6) ...........................................................................2

NY CPLR § 214(5) .....................................................................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

MARY HURD BROWN,

                            Plaintiff,

             -against-                           20 Civ. 2424 (VEC)(OTW)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                            Defendant.
---------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

        Defendant the Board of Education of the City School District of the City of New York ("BOE") (operating and sued herein as the "New York City Department of Education") respectfully submits this memorandum of law in reply to Plaintiff's opposition memorandum and in further support of Defendant's motion to dismiss Plaintiff's amended complaint ("the complaint") pursuant to Federal Civil Procedure Rule 12(b)(6).   Plaintiff's opposition memorandum fails to address many of the specific deficiencies that Defendant has raised and identified in its motion papers arguing for dismissal of Plaintiff's claims for age and disability discrimination, hostile work environment and retaliation.   Instead, Plaintiff appears to proceed from the erroneous assumption that, as a *pro se* litigant,[1] she does not need to assert facts in support of her claims and merely reasserts conclusory allegations.   Plaintiff also does not rebut defendant's arguments that (1) Plaintiff failed to assert any facts suggesting an adverse employment action; (2) with the exception of her Age Discrimination in Employment Act claims

---

[1] Defendant notes that Plaintiff's opposition was prepared with the assistance of pro bono legal counsel.  See ECF Dkt. No. 25 at 1 n.1.

accruing on or after May 2018 and her Section 504 of the Rehabilitation Act accruing on or after March 2017, Plaintiff's federal claims are barred by the statute of limitations; (3) Plaintiff's State and City law claims are time-barred; (4) Plaintiff's claims under the State Human Rights Law ("SHRL") and City Human Rights Law ("CHRL") must be dismissed for failure to file a notice of claim; and (5) the doctrine of election of remedies bars Plaintiff's SHRL and CHRL claims. While Plaintiff attempted to rebut Defendant's arguments, her opposition only reasserts facts in support of her claim under § 504 of the Rehabilitation Act of 1973, and reiterates facts contained in the Complaint in support of her hostile work environment claim. Plaintiff's opposition fails to address Defendant's arguments with respect to her Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"); the American with Disability Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); and claims under the SHRL and CHRL.

For the reasons set forth herein, as well as Defendant's initial moving papers, Defendant respectfully requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and deny Plaintiff's request to file a second amended complaint as such amendment would be futile.

## ARGUMENT

### POINT I

### THE COURT SHOULD DISMISS CLAIMS FOR WHICH PLAINTIFF HAS FAILED TO SUBMIT ANY OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

Plaintiff's opposition memorandum has failed to oppose or otherwise respond to any of Defendant's arguments that (1) the ADA, Section 504, ADEA, SHRL and CHRL claims should be dismissed because Plaintiff failed to state a plausible claim connecting alleged age or disability based animus to actions about which she complains and also fails to plausibly allege

any facts suggesting an actionable adverse employment action; (2) Plaintiff failed to state a plausible claim for failure to provide a reasonable accommodation; (3) Plaintiff's hostile work environment claims under Plaintiff's Complaint is devoid of any allegation of severe or pervasive workplace conditions that occurred because of her protected classes; (4) the retaliation claims under the ADA, Section 504, ADEA, SHRL, and CHRL should be dismissed because Plaintiff has failed to Plaintiff failed to state a plausible claim linking her alleged September 2017 internal EEO complaint with any of the subsequent timely actions about which she complains; (5) Most of Plaintiff's federal claims under the ADA and ADEA are barred by the applicable statute of limitations; (6) Plaintiff's state and city claims against the BOE are time barred under New York Education Law § 3813; (7) Plaintiff's SHRL and CHRL claims against the BOE must be dismissed for failure to file a notice of claim; and (8) Plaintiff's SHRL and CHRL claims are barred under the doctrine of election of remedies.  Accordingly, the Court should grant Defendant's applicable for dismissal of these claims because plaintiff has failed to submit opposition to Defendant's arguments and thus has abandoned these claims.  Adams v. N.Y. State Educ. Dep't, 752 F. Supp. 2d 420, 452 n.32 (S.D.N.Y. 2010) (collecting cases in which courts deemed plaintiff's claims abandoned for failure to address defendant's arguments); Lipton v. Cty. Of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); see also Silverman v. Household Fin. Realty Corp. of New York, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) (finding that, where the plaintiffs defended only some of the claims that the defendants moved to dismiss, the claims not defended were abandoned); Reid v. Ingerman Smith LLP, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012)

(concluding that where the plaintiff responded to a motion to dismiss by defending a claim against certain defendants, but not others, that the claims not defended were abandoned).

In her opposition, Plaintiff concedes that her ADEA claims that accrued prior to May 2018[2] and her Section 504 claims[3] that accrued prior to March 2017 are barred by the applicable statutes of limitations.  See ECF Dkt. No. 25, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 1.  In addition, Plaintiff's state and city law claims premised on incidents before March 17, 2019 must also be dismissed as time-barred for failure to commence the action within one year under New York Education Law § 3813.  Since the last alleged discriminatory act about which Plaintiff complains occurred on February 1, 2019, when she was served with § 3020-a charges, see ECF Dkt. No. 9 ¶ 42 at 13, Plaintiff's SHRL and CHRL claims against the BOE are time-barred.

Additionally, Plaintiff's opposition is devoid of any argument in opposition of Defendant's argument that Plaintiff's SHRL and CHRL claims must be dismissed for failure to file a notice of claim.  Given that Plaintiff did not file the requisite notice of claim prior to commencing the instant action, and as the Complaint makes no reference to the filing of the notice of claim, all SHRL and CHRL claims must be dismissed for failure to comply with notice of claim requirements.  See Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (1984); Bagarozzi v. N.Y. City Dep't of Educ., 2019 U.S. Dist. LEXIS 56533, *10 (S.D.N.Y. Mar. 31, 2019) (dismissing SHRL and CHRL claims on the basis, and rejecting plaintiff's argument that an administrative charge of discrimination obviated the need for a notice of claim).

---

[2] The same would be true for her claims under the ADA.

[3] Plaintiff's Section 504 claims in New York are subject to a three year statute of limitations. See Morse v. Univ. of Vt., 973 F.2d 122, 127 (2d Cir. 1992) (holding that actions under § 504 of the Rehabilitation Act are governed by the state statute of limitations applicable to personal injury actions); NY CPLR § 214(5) (three year statute of limitation for personal injury actions).

Plaintiff's opposition fails to oppose Defendant's argument that the doctrine of election of remedies bars Plaintiff's SHRL and CHRL claims.  As articulated in Defendant's motion to dismiss, Plaintiff previously filed a complaint with the SDHR; therefore, Plaintiff is barred from subsequently filing an action in court on the same claims.  Bonilla v. City of New York, 2019 U.S. Dist. LEXIS 198817 (S.D.N.Y. 2019).  Therefore, Plaintiff's SHRL and CHRL claims must be dismissed because they are barred by the doctrine of election of remedies.

Finally, the Court should deny Plaintiff's request for leave to amend the Complaint as futile because Plaintiff has not offered the Court any facts to show that she will be able to cure these deficiencies to satisfy the pleading requirements of Iqbal and Twombly.  See Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.").  Here, granting Plaintiff a leave to amend the Complaint would be futile because the deficiencies in the Complaint cannot be cured, such as the expiration of the statute of limitations, the failure to file a notice of claim, and the doctrine of election of remedies.  Accordingly, the Court should deny Plaintiff's leave to file an amended complaint.

## POINT II

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF AGE OR DISABILITY DISCRIMINATION UNDER THE ADEA, THE REHABILITATION ACT, THE ADA, SHRL, AND CHRL.

In opposition to Defendant's motion to dismiss, Plaintiff attempts to assert new facts in support of her claim under § 504 of the Rehabilitation Act of 1973.  Notably, Plaintiff's assertion of these new facts fails to cure the deficiencies in the Complaint to satisfy the pleading requirements of Iqbal and Twombly.  Specifically, Plaintiff's opposition fails to address any of Defendant's arguments that Plaintiff's claims of age and disability discrimination under the

5

Rehabilitation Act, ADA, ADEA, and SHRL and CHRL should be dismissed for failing to allege facts suggesting an adverse employment action.  Nor has Plaintiff rebutted Defendant's argument that Plaintiff failed to sufficiently plead a causal link between the actions allegedly taken by Defendant and her alleged age or disability.  See Beverley v. N.Y. City Health & Hosps. Corp., 2020 U.S. Dist. LEXIS 55946 (S.D.N.Y. March 30, 2020), reconsideration den'd, 2020 U.S. Dist. LEXIS 176741 (S.D.N.Y. Sep. 25, 2020) (holding that the plaintiff's discrimination claims on the basis of her race and national origin fail because plaintiff failed to sufficiently plead a causal link beyond conclusory statements between her race and national origin and the alleged adverse employment actions.).  Absent the assertion of these facts, even if the actions about which she complains were actionable adverse employment actions – they were not –, the Complaint fails to plausibly plead, even through a liberal construction of the Complaint, even a minimal inference of discriminator animus or plausibly plead causation or that she was treated less well because of her age or disability.

As to her hostile work environment claims, Plaintiff mere contends, in conclusory fashion, that her treatment at work "was sufficiently hostile and pervasive to create a hostile work environment based on her disability."  See Plaintiff's Opposition, ECF Dkt. No. 25 at 5.

Additionally, Plaintiff's opposition failed to address Defendant's argument that Plaintiff's claim for failure to provide a reasonable accommodation should be dismissed. Remarkably, in her opposition, Plaintiff concedes that she applied for a reasonable accommodation in November 2018 and her request was granted in September 2019.  See ECF Dkt. No. 25 Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 4.  In addition, Defendant notes that Plaintiff concedes that she resisted Defendant's attempt to engage in an interactive process during the 2018-2019 school year to discuss how her medical condition

affected her ability to climb stairs. See id. at 2-3. Accordingly, Defendant's motion to dismiss Plaintiff's claim of failure to provide a reasonable accommodation must be dismissed.

Further, Plaintiff's opposition failed to address Defendant's argument that Plaintiff's claim of retaliation should be dismissed because the she failed to set forth facts demonstrating a casual nexus between any actionable adverse employment action and the filing of Plaintiff's OEO complaint in September 2017. Plaintiff's opposition is completely devoid of any facts to establish even a minimal inference of retaliation under the Rehabilitation Acts, ADA, SHRL and CHRL. Moreover, Defendant notes that the alleged disciplinary actions and other actions about which Plaintiff complains purported started to occur beginning in September 2016, see ECF see ECF Dkt. No. 9 ¶¶ 5-9 at 8-9, a year before Plaintiff's putative protected activity in September 2017. Where progressive discipline begins in advance of protected activity, temporal proximity to an adverse employment action creates no inference of causation. See Slattery v. Swiss Reins. Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001); Wright v. NY City Off-Track Betting Corp., 2008 U.S. Dist. LEXIS 22567, at *13-14 (S.D.N.Y. Mar. 24, 2008)("If an employer's conduct before and after an employee complaint is consistent, the post-complaint conduct is not retaliatory.").

Moreover, Plaintiff claim in support of her ADEA claim that "Mr. Gabbard referred to her "extended years of service" in a derogatory way" fails to support her claim of discrimination under the ADEA. See ECF Dkt. No. 25. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 5. Such a remark, whether offensive or not, is insufficient to establish that Plaintiff's supervisors were motivated by an assumption related to her age. Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 116 (2d Cir. 2007) (finding that "[t]he relevance of discrimination-related remarks does not depend on their offensiveness, but rather on

their tendency to show that the decision-maker was motivated by the assumption or attitudes relating to the protected class."). Further, plaintiff has not pled nor offered any evidence in opposition to establish that age was the "but-for" cause of any actions undertaken by the DOE. See Amaya v. Ballyshear, LLC, 295 F. Supp. 3d 204, 220-21 (E.D.N.Y. 2018) ("[n]aked assertions of . . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss."). Plaintiff's Complaint remains devoid of any factual allegations giving rise to an inference that Plaintiff's age was the "but-for" cause of DOE's alleged conduct. Id. Accordingly, Plaintiff's age discrimination claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court grant Defendant's motion dismiss the Complaint in its entirety, deny Plaintiff's leave to file an amended complaint, together with such other and further relief as the Court may deem just and proper.

Dated:      Queens, New York
            March 26, 2021

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Rom 2-300
New York, New York 10007
(212) 356-2475
rnasim@law.nyc.gov

By:      /s/ Ryan Nasim
         Ryan Nasim
         Assistant Corporation Counsel

Bruce Rosenbaum,
Ryan Nasim,
  Of Counsel.

8