```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MARY HURD BROWN,                             :
                                             :
                         Plaintiff,          :      20-CV-2424 (VEC)
            -against-                        :
                                             :      ORDER ADOPTING
NEW YORK CITY DEPARTMENT OF                  :      REPORT &
EDUCATION,                                   :      RECOMMENDATION
                                             :
                         Defendant.          :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 17, 2020, Plaintiff Mary Hurd Brown, proceeding *pro se*, filed a complaint against the New York City Department of Education ("DOE") (Dkts. 1–2);[1]

WHEREAS Plaintiff asserted causes of action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 to 796; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 131 (*see* Am. Compl. at 4, Dkt. 9);

WHEREAS following an unsuccessful attempt at mediation, on December 30, 2020, Defendant moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which Plaintiff opposed (Dkts. 17, 25, 28);

---

[1]   Plaintiff's initial complaint also named Eric Friedman as a defendant (Dkt. 1). Her amended complaint named only DOE as a defendant (Dkt. 9).

WHEREAS on January 27, 2021, the Court referred this case to Magistrate Judge Wang for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions (Dkt. 23);

WHEREAS on August 31, 2021, Judge Wang entered an R&R, recommending that the Court grant Defendant's motion to dismiss with leave to amend (R&R at 1, Dkt. 29);

WHEREAS in the R&R, Judge Wang notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings (*id.* at 28);

WHEREAS Judge Wang further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review (*id.*);

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendant's motion to dismiss is granted, and this case is DISMISSED with leave to amend.

Judge Wang correctly noted that *pro se* plaintiffs should be given leave to amend if there is "any indication that a valid claim might be stated." R&R at 27 (citing *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002)). To reiterate the additional information that Plaintiff should include in any amended complaint:

> 1. Facts from which the Court can infer that, after 2013, Plaintiff was qualified for her position, either with or without a reasonable accommodation;
>
> 2. The circumstances and contents of Plaintiff's communications in which she informed DOE of her disability;
>
> 3. The accommodation(s) Plaintiff requested and received, if any, during her tenure at DOE;
>
> 4. The facts surrounding any retaliatory acts taken by Mr. Friedman, Mr. Gabbard, or anyone else;
>
> 5. To the extent Plaintiff seeks to allege disparate treatment by comparison, facts regarding each comparator who Plaintiff alleges was treated more favorably that would allow the Court to infer that the comparator was "similarly situated in all material respects" to Plaintiff. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (citation omitted).

Plaintiff's state law claims under the NYSHRL and the NYCHRL are dismissed with prejudice. All of Plaintiff's other claims are dismissed without prejudice, and Plaintiff is granted leave to amend her complaint.

Because the R&R gave the parties adequate warning, *see* R&R at 28, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is

precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

IT IS FURTHER ORDERED that Plaintiff must file an amended complaint by no later than **Friday, October 22, 2021**.  Because this matter remains referred to Judge Wang for general pretrial management and the preparation of R&Rs on any dispositive motions, *see* Dkt. 23, any request for an adjournment of that deadline must be addressed to Judge Wang.

The Clerk of Court is respectfully directed to terminate the open motion at Docket 17. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date: September 20, 2021
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**