No. 20 Civ. 2424 (VEC)(OTW)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY HURD BROWN,

Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### GEORGIA M. PESTANA
*Corporation Counsel of the City of New York*

Attorney for Defendant
100 Church Street, Room 2-103
New York, New York 10007

*Of Counsel*:
*Gina Dorcelus*
Tel: (212) 356-2464

Matter No.: 2020-038133

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 4

ARGUMENT................................................................................................................. 4

    POINT I ................................................................................................................ 4

    THE SECOND AMENDED COMPLAINT MAY NOT REASSERT STATE CLAIMS,
    ADA,  AND ADEA CLAIMS PREVIOUSLY DISMISSED WITH PREJUDICE......... 4

    POINT II................................................................................................................ 5

    THE SECOND AMENDED COMPLAINT MUST BE DISMISSED AS IT IS INFECTED
    WITH THE SAME DEFICIENCIES THAT EXISTED IN THE PRIOR PLEADINGS....5

        A. The Second Amended Complaint fails to plead facts plausibly suggesting or raising a
           reasonable inference that Defendant had knowledge of Plaintiff's
           disability.........................................................................................................5

        B. The Second Amended Complaint fails to plead facts plausibly suggesting or raising a
           reasonable inference of discriminatory motivations in any actions about with Plaintiff
           complains.........................................................................................................7

        C. The Second Amended Complaint fails to plead facts plausibly suggesting or raising a
           reasonable inference of retaliatory action in any action about which Plaintiff
           complains.........................................................................................................9.

        D. The Second Amended Complaint fails to plead facts plausibly suggesting or raising a
           reasonable inference of the existence of a hostile work environment claim............10

CONCLUSION........................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages**


Alfano v. Costello, 294 F.3d 364, 374 (2d Cir. 2002)……………………………………………  10

Ben-Levy v. Bloomberg L.P., 518 Fed. App'x 17, 20 (2nd Cir. 2013)……………………………  10

Castagna v. Bill Luceno & Majestics Kitchens Inc., 2013 U.S. Dist. LEXIS 14932, at *25
(S.D.N.Y. Feb. 4, 2013)………………………………………………………………………… 11

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)…………………………………………………  5

Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)…………………………………………  5

DiLaura v. Power Auth., 982 F.2d 73, 76 (2nd Cir. 1992)………………………………………  5

Gerald v. DCV Holdings Inc, 2021 U.S. Dist. LEXIS 125522 at  *36 (E.D.N.Y. July 6, 2021)…  10

Harris v. Forklift Sys., Inc. 510 U.S. 17, 21 (1993)……………………………………………  10

Littlejohn v. City of New York, 795 F. 3d 297, 321 (2nd Cir 2015)……………………………  10

Melman v. Montefiore Med. Ctr., 98 A.D. 3d 107, 129, 946 N.Y.S. 2d 27 (2012)………………  10

Moore v. Verizon, U.S. Dist. LEXIS 16201 at *8 (S.D.N.Y. February 5, 2016)………………  8

Nugent v. St. Lukes- Roosevelt Hosp Ctr. , 303 F. App'x 943, 945 (2nd Cir. 2008……………  11

Shumway v. United Parcel Serv. Inc., 118 F. 3d 60, 64 (2nd Cir 1997)…………………………  7

Williams v. Victoria Secrets, 2017 U.S. Dist Lexis 11735 at *26 (S.D.N.Y. January 27, 2017)…  7

## PRELIMINARY STATEMENT

Defendant the Board of Education for the City School District for the City of New York, operating as the New York City Department of Education ("DOE") respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's Second Amended Complaint ("the Complaint" or "Second Amended Complaint")[1] pursuant to Federal Civil Procedure Rule 12(b)(6).  The Second Amended Complaint should be dismissed on grounds: The Second Amended complaint may not reassert state claims,, ADA and ADEA claims previously dismissed with prejudice; the Second Amended Complaint must be dismissed as it is infected with the same deficiencies that existed in the prior pleadings as it fails to plead facts plausibly suggesting or raising a reasonable inference of the defendant having knowledge that plaintiff had a disability; fails to plead facts plausibly suggesting or raising a reasonable inference of discriminatory motivations in any action about which Plaintiff complains; fails to plead facts plausibly suggesting or raising a reasonable inference of retaliatory motivations in any action about which Plaintiff complains; fails to plead facts plausibly suggesting or raising a reasonable inference of the existence of a hostile work environment.

Accordingly, the Complaint should be dismissed in its entirety.

## ARGUMENT

### POINT I

### THE SECOND AMENDED COMPLAINT MAY NOT REASSERT STATE CLAIMS,  ADA, AND ADEA CLAIMS PREVIOUSLY DISMISSED WITH PREJUDICE

On September 20, 2021, this Court adopted Magistrate Wang's Report and

---

[1] For the convenience of the Court a copy of the Second Amended Complaint is annexed hereto as Appendix A. See, ECF Docket 34.  Also annexed hereto as Appendix B is the Report and Recommendation of Magistrate Judge Wang. . See, ECF Docket 29.  Annexed hereto as Appendix C is this Court's Order Adopting the Report and Recommendation. . See, ECF Docket 30.

Recommendations dated  August 31, 2021, and dismissed with prejudice not only all of Plaintiff's

state law claims but also dismissed any claims under the ADA and ADEA arising from discrete

discriminatory or retaliatory actions that occurred prior to May 23, 2018.  See ECF Dkt. No 29 at

page 12; ECF Dkt. No 30.  Nonetheless, Plaintiff has reasserted those claims in the Second Amended

Complaint.  The law of the case doctrine, however, prevents Plaintiff from reasserting these claims.

Under that doctrine when a court makes a ruling in a matter that decision continues to govern issues

in subsequent stages in the same case. DiLaura v. Power Auth., 982 F.2d 73, 76 (2nd Cir. 1992) . As

such, those claims previously dismissed with prejudice may not be reasserted in the Amended

Complaint and must be dismissed.


### POINT II

### THE SECOND AMENDED COMPLAINT MUST BE DISMISSED AS IT IS INFECTED WITH THE SAME DEFICIENCIES THAT EXISTED IN THE PRIOR PLEADINGS

This Court's September 20, 2021 Order instructed the Plaintiff what factual

averments was necessary to cure the deficiencies that existed in the prior pleading.  Plaintiff failed

to head this Court's suggestions or admonitions. To survive a motion to dismiss under Fed. R. Civ.

P. 12 (b) 6), a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its

face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678 (citation omitted).

**A.     The Second Amended Complaint fails to plead facts plausibly suggesting or raising a reasonable inference that Defendant had knowledge of Plaintiff's disability**

Plaintiff's failure to accommodate claims fails for multiple factual deficiencies. As an initial matter it must be noted that Plaintiff concedes in paragraph 4 of the Amended complaint that she was granted accommodations and "[t]hose accommodations were honored at every school I had been assigned to since that [1993] accident." The only claim of a denial of an accommodation seems to be a claim that "in the 2016-2017 school year," Mr. Friedman denied Plaintiff's requests for car usage. Plaintiff fails to plead that she was not able to ultimately receive such payment. Moreover, even if the denial by Mr. Friedman resulted in the failure to Plaintiff to receive a car usage payment, that denial occurs outside the statute of limitations and is therefore not actionable. See paragraph 5 of the Second Amended Complaint. Moreover, Plaintiff later acknowledges that she was told to apply by either or both Mr. Friedman or Mr. Garcia to apply for reimbursement for a flat rate for personal car usage for home visits. She quotes them as telling her that "if you want to receive the funds just do it." See, Complaint at page 7 ¶ 24. The Second Amended Complaint lacks any other factual averments that would suggest a denial of an accommodation.

Although this Court instructed Plaintiff to amend the Complaint to include "[t]he circumstances and contents of Plaintiff's communications in which she informed DOE of her disability," she simply states that it was in her medical record and "Mr. Friedman was aware of my disability, since this resulted from an injury sustained on the job back in 1993." See, Complaint at page 14 ¶ 49. The possible documentation of an on the job knee injury in 1993 is insufficient to even raise a plausible inference that the DOE was aware the Plaintiff met the definition of having a disability.

Plaintiff also failed to plead facts from which the Court could infer that after 2013 Plaintiff was qualified, with or without and accommodation. At most Plaintiff simply lists her educational background see, Complaint at page 9 ¶ 31, without any effort to even use this merger factual pleading to prove her qualification for the position.

As a consequence of the forgoing pleading deficiencies, Plaintiff's failure to accommodate claims must fail.

**B.**     **The Second Amended Complaint fails to plead facts plausibly suggesting or raising a reasonable inference of discriminatory motivations in any action about which Plaintiff complains.**

A generous reading of the pro se Second Amended Complaint would seem to suggest an attempt to assert discrimination claims based on disability and age.  The Court noted that "[t]o the extent Plaintiff seeks to allege disparate treatment by comparison, facts regarding each comparator who Plaintiff alleges was treated more favorably that would allow the Court to infer that the comparator was 'similarly situated in all material respects' to Plaintiff."  Plaintiff has failed to follow the Court's instructions.  Appendix C, ECF Docket. 30 at 3 ¶ 5.

Although Plaintiff identifies in paragraph 23 individuals who she claims are "younger and nondisabled attendance teachers," Plaintiff fails to plead any facts that would show these individuals to be similarly situated in all material aspects.  Shumway v. United Parcel Serv. Inc., 118 F. 3d 60, 64 (2nd Cir 1997) (citation omitted). [See also, Williams v. Victoria Secrets, 2017 U.S. Dist Lexis 11735 at *26 (S.D.N.Y. January 27, 2017) In Williams, the Court noted that an allegation that merely asserts that plaintiff discover younger and less qualified candidates selected is entirely conclusory, naked, and devoid of further enhancement. The Court found that Plaintiff must allege details including when the employee was hired, what the employee's age, experience, and qualifications.] Id.  Consequently, both under the establish case law of the Circuit as well as this Court's September 30th directive, the Second Amended Complaint remains deficient and Plaintiff's age and disability discrimination claims must be dismissed.

In paragraph 26 of the  Second Amended Complaint Plaintiff asserts that "[o]ther senior and older attendance teachers…were removed by Mr. Friedman from their regularly assigned schools and assigned to schools which required an increase in travel time."  Even if such actions

could be considered adverse for purposes of a discrimination claim, Plaintiff fails to plead that this did not also occur to younger attendance teachers, let alone that any such younger attendance teacher was similarly situated in all material aspects.  Indeed, seniority itself would be a variant factor that can explain assignment differences and defeat a  claim of similarity.

It must also be noted that the Second Amended Complaint is devoid of any direct evidence of discrimination.  Plaintiff does not reference any derogatory statements concerning disabilities or her having a disability that would give rise to a plausible inference of discriminatory intent.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "Similarly lacking are comments concerning age.  The only age related comment Plaintiff reference was made outside the statute of limitations.  See paragraph 13 of the Amended Complaint.  Allegedly in December 2016 Mr. Friedman purportedly referred to Plaintiff as "old."  Even if that comment fell within the statutory period, and even if it could be taken as derogatory of suggestive of bias, it is at best a stray remark insufficient to give rise to an inference of age discrimination. Stray remarks, even if made by a decision maker, do not constitute sufficient evidence to support a case of employment discrimination. Moore v. Verizon, U.S. Dist. LEXIS 16201 at *8 (S.D.N.Y. February 5, 2016).  Nor is the comment "the old was out" suggestive of discrimination, see paragraph 28 of the  Second Amended Complaint, as it was stated in the context of a policy or practice change, in other words, the old policy was out.

As Plaintiff has still not plead facts plausibly suggesting that she was treated differently than individuals outside her protected class who were similarly situated to her in all material respects, her disability and age discrimination claims must be dismissed.

C.      **The Second Amended Complaint fails to plead facts plausibly suggesting or raising a reasonable inference of retaliatory motivations in any action about which Plaintiff complains.**

The Second Amended Complaint is devoid of any facts plausibly suggesting a causal nexus between any alleged adverse employment action and any protected activity.  The Second Amended Complaint seems to suggest two forms of protected activities.  Plaintiff claims that in September 2017, she filed and internal complaint of discrimination with the DOE's Office of Equal Opportunity and Division Management and on March 1, 2019 filed a charge with the New York State Division of Human Right (NYSDHR).  Plaintiff alleges that in retaliation to filing the complaint with DOE in 2017, "Mr. Friedman began to question principals about her work at their schools and made suggestions of additional duties, such as Parent Workshops, ATS training, and supply graphic charts of attendance." See Complaint page 2 at ¶ 7.  Plaintiff also alleges that she was retaliated against by receiving disciplinary letters, and an unsatisfactory rating in the 2017-2018 school year, and for complaining about parent's comments. See Complaint page 5 at ¶ 16.  When these facts are read in conjunction with other facts in the Second Amended Complaint any possible inference of retaliatory intent disappears.

Plaintiff acknowledges having a contentious relationship with Mr. Friedman since 2016.  This predates any filing of complaints either internally with the DOE or with the NYSDHR. See Complaint page 2 at ¶ 7.  Plaintiff's allegation that Mr. Friedman refused to allow her to use her personal vehicle occurred in November 2016, precedes the filing of her internal complaint by approximately ten (10) months.  Similarly, Plaintiff admits receiving an unsatisfactory rating for the 2007-2008 school year long before she worked with Mr. Friedman or Mr. Gabbard. See Complaint, See also, ECF docket No. 9 page 2 ¶ 9.   She also received another unsatisfactory rating more than two (2) months prior to the filing the internal DOE complaint, on or about June 27, 2017. See, Complaint at page 3 ¶ 11.  Thus, the actions about which Plaintiff complains reflect her ongoing

performance issues that predate any protected activity and thus do not support a claim that the action were motived by retaliatory intent. It is well settled that an employer's continuation of a course of conduct that had begun before the employee complained does not constitute retaliation because, in that situation, there is no causal connection between the employee's protected activity and the employer's challenged conduct. Gerald v. DCV Holdings Inc, 2021 U.S. Dist. LEXIS 125522 at *36 (E.D.N.Y. July 6, 2021); Melman v. Montefiore Med. Ctr., 98 A.D. 3d 107, 129, 946 N.Y.S. 2d 27 (2012).

**D.     The Second Amended Complaint fails to plead facts plausibly suggesting or raising a reasonable inference of the existence of a hostile work environment claim.**

To state a claim for a hostile work environment, under the ADEA and ADA, a plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment. Harris v. Forklift Sys., Inc. 510 U.S. 17, 21 (1993) (citations and quotations omitted). "This standard has both objective and subjective components' the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." Littlejohn v. City of New York, 795 F. 3d 297, 321 (2nd Cir 2015) (citations and quotations omitted). Generally, unless an incident of harassment is sufficient or severe, "incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Alfano v. Costello, 294 F.3d 364, 374 (2d Cir. 2002). Plaintiff must also allege that the conduct creating the hostile work environment occurred because of her protected status. Ben-Levy v. Bloomberg L.P., 518 Fed. App'x 17, 20 (2nd Cir. 2013).

Moreover, a hostile work environment is not synonymous with an unpleasant, harsh, combative, or difficult work environment. <u>Castagna v. Bill Luceno & Majestics Kitchens Inc</u>., 2013 U.S. Dist. LEXIS 14932, at *25 (S.D.N.Y. Feb. 4, 2013). (<u>See Nugent v. St. Lukes- Roosevelt Hosp Ctr.</u>, 303 F. App'x 943, 945 (2nd Cir. 2008 ("derogatory language, dismissive comments, and intense scrutiny insufficient to make out hostile work environment claims.)

Here, the Second Amended Complaint is devoid of any allegation of severe or workplace conditions that occurred because of Plaintiff's protected class. Furthermore, Plaintiff's distaste with her supervisor scrutiny or criticism is insufficient to establish a hostile work environment claim.

Accordingly, Plaintiff's claim for hostile work environment must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and deny the relief sought therein in all respects, and grant such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              January 5, 2021

                                        **GEORGIA PESTANA**
                                        *Corporation Counsel of the City of New York*
                                        Attorney for Defendant
                                        100 Church Street, Room 2-103
                                        New York, New York 10007
                                        (212) 356-2464
                                        gdorcelu@law.nyc.gov

                                 By:    _____*/s/ Gina Dorcelus*_____
                                        Gina Dorcelus
                                        Assistant Corporation Counsel

<u>**To: VIA ECF & EMAIL**</u>
MARY HURD BROWN
*Pro Se Plaintiff*

11