Case No. 1:20-CV-02424-VEC-OTW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY HURD BROWN,

                              Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for Defendant*

*Of Counsel*:

Zachary T. Ellis
Assistant Corporation Counsel
100 Church Street, Room 2-109(a)
New York, New York 10007
(212) 356-0839
zellis@law.nyc.gov

*Of Counsel*:
Natalie S. Marcus

## INTRODUCTION

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE"), respectfully submits this Reply Memorandum of Law in Further Support of Its Motion to Dismiss Pro-Se Plaintiff Mary Hurd Brown's ("Plaintiff") Second Amended Complaint. Although Plaintiff's allegations are too numerous to detail here, she alleges claims for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; disability discrimination under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701–796, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; and hostile work environment and retaliation under the ADEA, the Rehabilitation Act, and the ADA. Plaintiff also alleges analogous claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-103. The DOE has moved to dismiss all of these claims for failure to state a claim.

## ARGUMENT

### POINT I

**THE COURT SHOULD DISREGARD MOST OF THE EXHIBITS ATTACHED TO PLAINTIFF'S RESPONSE BRIEF**

The United States Court of Appeals for the Second Circuit has held that, for the purposes of deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010*); see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("'When matters outside the pleadings are presented in response to a 12(b)(6) motion,'

a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'") (quoting *Fonte v. Bd. Of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). "A necessary prerequisite for taking into account materials extraneous to the complaint is that the plaintiff rely on the terms and effect of the document in drafting the complaint; mere notice or possession is not enough." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (internal quotation marks and citation omitted).

Plaintiff attached twenty-one exhibits, totaling eighty-nine pages, to her response brief. *See* ECF Nos. 47-1 to 47-5. With the exception of Personnel Memorandum No. 4, 2009–2010, dated April 2010 (*see* ECF No. 47-2, at 3), the Notice of Determination of Probable Cause on Education Law § 3020-a Charges, dated January 25, 2019 (*see* ECF No. 47-2, at 22–26), Summonses to Disciplinary Conference, dated between September 7, 2018, and February 4, 2019 (*see* ECF No. 47-4, at 2–3, 5–9, 12–13), an October 22, 2018, disciplinary letter from Principal Larry D. Gabbard (*see* ECF No. 47-4, at 16–25), Request for Medical Examination, dated October 22, 2018 (*see* ECF No. 47-5, at 1), and Report of Reasons for Requesting Medical Examination of Employee, dated November 13, 2018 (*see* ECF No. 47-5, at 2–3), these exhibits do not directly pertain to any factual allegations in Plaintiff's complaint; as such, they are not incorporated by reference into Plaintiff's Second Amended Complaint and should not be considered by the Court in resolving the DOE's Motion to Dismiss.

## POINT II

### THE COURT SHOULD DISREGARD THE NEW ALLEGATIONS PRESENTED IN OPPOSITION TO THE DOE'S MOTION TO DISMISS.

In her response brief, Plaintiff asserts a host of new factual allegations that are not contained in the Second Amended Complaint. Although Plaintiff's new allegations are too numerous to enumerate fully here, it is well-settled law that, in assessing the sufficiency of a pleading, a district court may not consider factual allegations raised for the first time in opposition to a motion to dismiss. *See*, *e.g.*, *Zick v. Waterfront Comm'n of N.Y. Harbor*, 2012 U.S. Dist. LEXIS 144920, at *6 (S.D.N.Y. Oct. 4, 2012); *Bernstein v. City of New York*, 2007 U.S. Dist. LEXIS 39286, at *32 (S.D.N.Y. May 24, 2007). Accordingly, the Court should not consider the new factual allegations contained in plaintiff's response to defendants' motion to dismiss.

## POINT III

### THE COURT SHOULD DISREGARD THE NEW ALLEGATIONS PRESENTED IN OPPOSITION TO THE DOE'S MOTION TO DISMISS.

Plaintiff's response brief contains one hundred and ninety-one numbered paragraphs. However, once her new factual allegations are disregarded, along with her condescending remarks to the Court and *ad hominem* attacks on the DOE and its counsel, the rest of Plaintiff's opposition to the DOE's Motion to Dismiss merely restates the allegations in her Second Amended Complaint, albeit couched in more acrimonious language, and does not address the contentions raised in the motion. As such, and for the sake of brevity, the DOE will not now again address the same allegations here. Instead, the DOE respectfully refers the Court to the succinct analysis of these allegations in its Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint, *see* ECF No. 40, and the deficiencies identified in the Court's Order

3

Adopting Magistrate Judge Ona T. Wang's Report and Recommendation, dated September 20, 2021, *see* ECF No. 30, which Plaintiff's Second Amended Complaint does not adequately address.

## CONCLUSION

For the reasons set forth above, the DOE respectfully requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's Second Amended Complaint in its entirety, deny the relief sought therein in all respects, and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 11, 2022

                                               Respectfully Submitted,

                                               **HON. SYLVIA O. HINDS-RADIX**
                                               Corporation Counsel of the City of New York
                                               *Attorney for Defendant*
                                               100 Church Street, Room 2-109(a)
                                               New York, New York 10007
                                               (212) 356-0839
                                               zellis@law.nyc.gov

By:   /s/
       Zachary T. Ellis
       ZACHARY T. ELLIS
       Assistant Corporation Counsel

To:   Pro-Se Plaintiff Mary Hurd Brown via CM/ECF