20-cv-02424-VEC-OTW   MHB.   06/01/2022 Sur-Reply Motion

Date:   June 01, 2022

To:     SDNY Judge Valerie E. Caproni and SDNY Judge Ona T. Wang

From:   Mary Hurd Brown, Plaintiff

cc:     Hon. Sylvia O. Hinds-Radix Corporation Counsel, Zachery T. Ellis and DOE General Counsel Liz Vladeck

re:     Letter Motion Requesting
        Court Consideration With Legal Arguments for :
        (i) Summary Judgment in favor of Mary Hurd Brown; and
        (ii) Opposition to DOE's 12(b)(6)Motion to Dismiss with order for DOE's Motion dismissal for acts constituting Violation of Constitutional Law, Statutory Law Inconsistency and Complete Lack of Candor
        <u>20-cv-02424-VEC-OTW Mary Hurd Brown Sur-Reply Motion dated 06/01/2022</u>

Dear Judge Valerie E. Caproni and Judge Ona T. Wang:

1. Plaintiff - Public Employee - Tenured Teacher and Peace Officer Mary Hurd Brown ("Mary Brown") files this 06/01/2022 Sur-Reply Motion with leave of the Court.

### SUMMARY JUDGEMENT REQUEST BY MARY BROWN

2. Mary Brown respectfully requests the Court consider

(i) Summary Judgment in favor of Mary Brown based on Evidentiary Statements and Documentary Evidence submitted in her March 28, 2022 Opposition and Sur-Reply Motion, Response to Five Questions Requested by Judge Wang, Amended Complaint and each and every motion made by Mary Brown to the Court, and for additional relief;

(ii) an order directing defendant cease and desist its §3020-a proceedings, as

   (a) a violation of Due Process Clause under the 14th Amendment to protect Property Interests of Mary Browns reasonable expectation of continued employment, and

   (b) Liberty Interests that inures to Public Employee Mary Brown for Protected Workplace Investigatory duties of Freedom of Speech inherent in investigations, and

(iii) order for a settlement conference and hearing on damages.

**A. THIS COURT WILL BE SHOCKED TO LEARN THAT:**
**(i) THE ENTIRE §3020-a PROCEEDING IS NULL & VOID AND DECEPTIVE;**
**(ii) THE DOE DENIED BROWN THE RIGHT TO CHOOSE HER HEARING OFFICER.**

1

**B. THE COURT WILL BE FURTHER SHOCKED TO LEARN THE DOE PERMITTED:**
**(i) ERIC FRIEDMAN TO SECRETLY MOVE BROWN TO THE BRONX; AND**
**(ii) DAVID BANKS AND LARRY GABBARD WITH FRIEDMAN ARE REPEATING 2006-2007 PROTECTED WORKPLACE VIOLATIONS AGAINST MARY BROWN IN WHAT CAN ONLY BE SEEN AS A PATTERN AND PRACTICE OF RETALIATION OF PROTECTED WORKPLACE ACTIVITIES**

**C. THE COURT'S JURISDICTION IS ANCHORED UNDER THE DUE PROCESS CLAUSE:**
**(i) PROPERTY RIGHT OF EXPECTATION OF CONTINUED WORK**
**(ii) LIBERTY RIGHT OF PUBLIC EMPLOYEES WITH INVESTIGATORY DUTIES.**

3. Sections A, B and C are addressed below and accompanied by documentary evidence complemented by prior sworn statements and documentary evidence attached as exhibits.

**LACK OF CANDOR BY CORPORATION COUNSEL AND DOE GENERAL COUNSEL**

4. Hon. Hinds-Radix via her associate counsel Zachery Ellis uses an "acrimony" argument so as AVOID - NOT TO ADDRESS, the plethoric and penumbra of Protected Workplace Violations against Mary Brown

5. - This Court, in a de novo case of Due Process expressly embedded by the New York State Legislature in NYS Educ. Laws §3020-a and §2590-h, faces the harsh realism that the City and DOE DARE NOT and WILL NOT address the Protected Workplace Violations and Statutory Violations Inconsistent with Legislative Code.

6. With no power, authority or discretion to commit void miscarriages of Justice, at any level, everyone's Due Process Constitutional rights to valid Justice remedy and make all injureds made whole, not their retaliators, as the last persons standing by continually denying each and every statement made by plaintiffs such as Mary Brown.

7. Simply stated, Mary Brown investigates and oversees the clearing of the DOE's register of counting of Students no longer in the system, who have dropped out and/or can not be contacted, after making every attempt to find them when the Schools cannot.

8. Hon. Hinds-Radix via her associate counsel Zachery Ellis act with extreme candor in refusing to address the Material and Substantial Statutory Inconsistencies in Mary Brown's

§3020-a Proceeding, an Extreme Act of Retaliation - The Misrepresentation of Code to Terminate.

## FORMER COMPTROLLER SCOTT STRINGER'S AUDIT SUPPORTS MARY BROWN

9. City Comptroller Scott Stringer admitted to lack of outreach to students in his March 12, 2018 Audit. See Exhibit __1__

10. The DOE's Retaliatory Actions against Mary Brown are a Harsh Reality with Real Numbers expressed in the NYC Comptroller's Audit Report of March 12, 20018.

## AFFIRMATION - EXHIBITS AND STATEMENTS - TRUE, ACCURATE & CORRECT

11. Mary Brown swears, declares, affirms and says under penalty of perjury, that all of the Exhibits and Statements of each and every motion filed by her, are true, accurate and correct representations of the original documents. The only document changes may be the redaction of student information and/or other information for privacy concerns under disclosure rules.

## SHOULD THE COURT FAIL TO GRANT SUMMARY JUDGEMENT FOR BROWN, MARY BROWN OPPOSES EACH AND EVERY DOE MOTION FOR DISMISSAL

12. Mary Brown opposes each and every motion for dismissal made by the NYC Department of Education ("DOE"), as she has proved beyond a reasonable doubt:

   (i) violations of Due Process Clause under the 14th Amendment to protect her Property Interests of continued expectation of work and Liberty Interests that inures to Public Employees like Mary Brown who have Protected Workplace investigatory duties and the extreme reputation harm;

   (ii) violations of and inconsistencies under New York Statutory Education Laws §3020-a and §2590-h that render the proceeding null & void/ fraudulent.

13. Defendant DOE and NYC City willfully act with full knowledge and total lack of

Candor in regard to the of Due Process and Statutory Violations as:

(i) DOE Lawyer Liz Vladeck, General Counsel, has full knowledge of NYS Educ. Law §3020-a and §2590-h, and represents and advises the DOE on all legal matters, including general practice issues, labor and employment matters, equal opportunity, employee discipline, special education, administrative/state/federal law and compliance, and commercial transactions. Prior to joining the DOE in 2021, Vladeck served as Senior Labor Policy Advisor in the New York City Mayor's Office of Policy & Planning and as a Deputy Commissioner and founding Director of the Office of Labor Policy and Standards in the New York City Department of Consumer Affairs; and

(ii) City's Corporation Counsel Sylvia Hinds-Radix, has full knowledge of NYS Educ. Law §3020-a and §2590-h, most recently served as an Associate Justice of the New York State Appellate Division, Second Department — a position she was appointed to in 2012 — and in 2020 was designated a member of the New York State Constitutional Bench. Hon. Hinds-Radix leads the Law Department, which is primarily responsible for providing legal representation to the City, the Mayor, other elected officials, and City agencies in all affirmative and defensive civil litigation. Prior to her appointment to the Appellate Division, Hinds-Radix served as Administrative Judge for Civil Matters in the Second Judicial District for three and a half years. In her capacity as Administrative Judge, she oversaw, both the New York State Supreme Court, Civil Term and the New York City Civil Court, which also encompasses the Housing Court of the City of New York. Hon. Hinds-Radix was elected to the Supreme Court, Kings County in November of 2004 and served as a New York City Civil Court Judge, from 2002 through 2004, spending her first year in the Criminal Court of Kings County. <u>She began her legal career at District Council 37 Municipal Employees Legal Services</u>. Hon. Hinds-Radix earned a B.S. from the University of Massachusetts, a Masters from Long Island University, and a J.D. from Howard University School of Law.

**THE DOE HAS INITIATED A DUE PROCESS PROPERTY INTEREST VIOLATION AND RETALIATORY §3020-A PROCEEDING THAT IS NULL AND VOID AS KNOWINGLY VIOLATING AND EXPRESSLY INCONSISTENT UNDER NEW YORK STATE STATUTORY LAW §3020-a(3)(a) and §2590-h(38),**

**(i) THE DOE PURPOSEFULLY AND WILLFULLY ACTS TO DISCREDIT MARY BROWN'S PROTECTED WORKPLACE LIBERTY INTEREST INVESTIGATION OF AFFINITY NETWORK SCHOOLS FOR BEING OUT OF COMPLIANCE WITH ATTENDANCE AT PRINCIPAL LARRY GABBARD'S STEPHEN T. MATHER'S HIGH SCHOOL - FURTHER DISCUSSED BELOW.**

4

AND

### (ii) RETALIATION CONTINUES FROM 2006, TO DISCREDIT MARY BROWN'S PROTECTED WORKPLACE INVESTIGATION OF EMPOWERMENT NETWORK SCHOOLS AS BEING OUT OF COMPLIANCE FOR ATTENDANCE AT PRINCIPAL DAVID BANKS' EAGLE ACADEMY - AS FURTHER DISCUSSED BELOW

14. Discussion of the Unlawful Termination by Retaliation of a Protected Workplace Activity is first analyzed under Statutory Law violations and express inconsistencies.

15. Examination of the DOE's Retaliation Present and Past follows.

16. Lastly ending with a United States Constitutional Analysis of Due Process Violations of Property and Liberty Interests.

### THE COURT'S JURISDICTION OVER MARY BROWN'S CLAIMS ARISE UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT

17. The Court's jurisdiction of Retaliation of a Protected Workplace Activity arises directly under the Due Process Clause of the 14th Amendment of the United States Constitution.

### DOE RETALIATES AND VIOLATES A PROTECTED WORKPLACE ACTIVITY THAT IS EXPRESSLY INCONSISTENT UNDER NYS EDUCATION LAW §3020-a(3) and §2590-h(38) WITH A PROCEEDING TO TERMINATE LICENSED TENURED ATTENDANCE TEACHER MARY BROWN's EXPECTATION OF CONTINUED WORK ARISING FROM CHANCELLOR FARINA/SUTTELL DIRECTIVE FOR A 12/13/2018 INVESTIGATION OF AFFINITY NETWORK CHRONIC ABSENCE NUMBERS AND TO ADDRESS NON-COMPLIANCE ISSUES WITH FEDERAL AND STATE MANDATES AS NOTED/AUDITED BY NYC COMPTROLLER STRINGER

18. On December 13, 2018, on behalf of the Chancellor Farina, Kimberly Suttell, Director of Attendance Policy and Planning, Office of Safety and Youth Development directed Public Employee/Tenured Attendance Teacher Mary Brown to investigate low attendance/chronic absence rates and create a "bucket" analysis to be applied City-wide for all chronic student absences to rectify non-compliance issues and build capacity within the New York City School System. See Exhibit _2-3_

19. Chancellor Farina's Directive was in response to Comptroller's Scott Stringer March 18, 2018 Audit Report.

20. On information and belief, the Office of Safety and Youth Development is under the control:

(i) Dr. Jawana M. Johnson, New York City Department of Education's Chief of School Culture, Climate and Well-Being. In this role, she leads all initiatives related to student wellness and school climate, including safety, physical and emotional well-being, and community school initiatives. Dr. Johnson previously served as the Chief Achievement Officer for the Eagle Academy Foundation, where she supported principals, district leaders, and teams from local and national partner schools through strategic solutions, leadership coaching and capacity building, targeted instructional and operational support, and crisis management.

(ii) Tracey Collins, Executive Director, School Climate and Wellness. Her most recent title was Senior Youth Development Director.

21. The December 13, 2018, Farina-Suttell Directive directly and expressly addressed protected workplace investigation and listed, among others, chronic absent students (redacted) from the Affinity Network - Stephen T. Mathers High School (02M139), a school under Principal Larry T. Gabbard, a former 2006 Vice Principal of David Banks at the Empowerment school - Eagle Academy who was under the DOE Central Office's Mary Brown's Attendance Coordinator Supervision and Investigation.

22. At NO time was Mary Brown EVER staff or an employee of Affinity Network.

23. Mary Brown is a DOE Tenured Public Employee employed by the DOE Central Office. See Exhibit __4__

24. David Banks is the current Chancellor of NYC Schools, succeeding a brief service of Chancellor Richard Carranza who succeeded Chancellor Carmen Farina, a champion of building capacity (i.e. attendance) of Chronic Absent Students formerly classified as Long Term Attendance (LTAs was used in 2006 and earlier).

25. The 12/13/18 Farina/Suttell Directive also copied Affinity Network Supervisor Eric Friedman, whose job is to oversee and correct Chronic Absences.

26. Affinity Network Supervisor Eric Friedman is an associate of Principal Larry T. Gabbard and Chancellor David Banks.

6

27. On information and belief, Affinity Network Supervisor Eric Friedman disclosed the 12/13/18 Farina/Suttell Directive for investigation to Stephen Mather's High School Principal Gabbard.

### THE CHANCELLOR FARINA/KIM SUTTELL DIRECTED 12/13/2018 INVESTIGATION OF AFFINITY NETWORK CHRONIC ABSENCES, TRIGGERED RETALIATION BY DOE FRIEDMAN, GABBARD AND NOW BANKS

28. On information and belief, Eric Friedman and Larry Gabbard acted in 2018-2019 with then Chancellor Richard Caranza in retaliation against Mary Brown with a null and void, expressly forbidden, §3020-a termination proceeding to discredit Mary Brown's investigation of attendance in the Affinity Network Schools, including but not limited to Principal Larry Gabbard's Stephen T. Mathers High School.

29. Chancellor David Banks now acts with Affinity Network Supervisor Eric Friedman and Principal Gabbard to continue the Statutory Code and Due Process violations.

### ERIC FRIEDMAN RETALIATES MARY BROWN IN SEPTEMBER 2021 BY TRANSFERING MARY BROWN TO HIS BRONX ATTENDENCE COORDINATOR JURISDICTION

30. Chancellor Banks recently appointed Eric Friedman as a Bronx Attendance Coordinator, a DOE Employee position. See Exhibit _5-7_ (Kim Suttell's 2020 email to Attendance Coordinators lists Eric Friedman)

31. The DOE Employee Friedman who wanted to terminate Mary Brown, moved her from Manhattan Scope: District 71, Manhattan High School Division with Payroll school being 02m139, Mathers HS, 439 W. 49th Street, NYC, NY Mr. Gabbard Principal to the Bronx P.S.x024 serve under him as noted on the ATS System within **Scope.**

32. Eric Friedman, new title Bronx Attendance Coordinator, AFTER The Affinity Network Contract was DISSOLVED by the DOE, is the very man charged with the Protected Workplace Violations against Mary Brown's investigation into Affinity Network schools.

33. It is inconsistent and illogical, unless for retaliation purposes, that Eric Friedman seeks Mary Brown's Termination and Simultaneous Transfer to his Bronx Jurisdiction from her Manhattan based District 79, 1 and 2 under Community Superintendent Fred Walsh.

34. The continuing and past violations - from 2006 onward to the Present - by Banks and Gabbard are discussed in the section below concerning Past Retaliation by David Banks and Larry Gabbard at the Empowerment school - Eagle Academy High School under then investigation by Attendance Coordinator/Liaison Mary Brown from the DOE Central Office.

## CHANCELLOR BANKS CONTINUES THE §3020-a STATUTORY VIOLATIONS

35. On information and belief, Chancellor David Banks continues to initiate an expressly forbidden delegation to a non-community superintendent, a de facto null and void §3020-a proceeding against Mary Brown.

36. David Banks acts in retaliation for Mary Brown's knowledge of David Banks past attendance failures at the Eagle Academy in 2006 and 2007, with supporting DOE attendance records that demonstrate non-compliance - is further discussed below in Past Retaliation.

37. On or about February 1, 2019, DOE served on Mary Brown, a §3020-a Notice of Determination Form - Charging Statement in a packet with forms containing her rights and education law §3020-a. See Exhibit _8_

38. On or about February 4, 2019, a highly suspect and alleged DOE letter (which may be fraudulent) (i) Reassigned Mary Brown on February 6, 2019, Mary Brown from her Attendance duties. See Exhibit _9_.

39. On or about February 8, 2019, an official DOE document (i) Reassigned on February 11, 2019, Mary Brown from her Attendance duties. See Exhibit _10_.

40. On information and belief, NYSUT Attorney Pamela Fynes, Hearing Officer John Woods and DOE attorneys and Corporation Counsel Hinds-Radix are acting with full knowledge and intent, in a manner inconsistent with express Statutory Law §3020-a and §2590-h.

40. Fynes, Woods and Corporation Counsel Hinds-Radix, have sufficient knowledge of Statutory Requirements under §3020-a(3)(a) and §2590-h(38) for a valid, constitutional-based hearing under which Mary Brown's rights are expressly protected and reserved,

8

including a choice of Hearing Officer and §3020-a Notice signed by a Community/District Superintendent appointed by the Chancellor.

### ALLEGED §3020-a NOTICE OF DETERMINATION AND PROCEEDINGS ARE NULL AND VOID AS EXPRESSLY INCONSISTENT WITH STATUTORY LAW AND VIOLATE TENURED TEACHER PROTECTED RIGHTS UNDER §3020-A

(i) §3020-a was amended by §2590-h for the Chancellor to act as the Board of Education

(ii) §2950-h(30) directs the Chancellor to choose a Community/District Superintendent [Community/District Superintendent Walsh (District 1,2)] from a Candidate Pool that has been vetted by the Community Board of the Respective District

(iii) §2590-h(38) Chancellor delegating §3020-a duties to Community/District Superintendent

\* DOE ACTS INCONSISTENT WITH STATUTORY LAW
-Community/District Superintendent Fred Walsh WAS NOT delegated §3020 duties and responsibilities, instead chancellor delegates to a NON-Community/District Superintendent i.e. Affinity Network Field Network Office Executive Director Alexandra Anormaliza, a subcontractor that the Community Board never reviewed as required under §2590-h(30).

(ii) Under §3020-a(3)(a), Tenured Teacher receives a choice of 3 hearing officers to choose, and
NYS Commissioner maintains §3020-a Hearing Officer appointment if conflict of choice.
\* DOE ACTS INCONSISTENT WITH STATUTORY LAW
Tenured Attendance Teacher Mary Brown denied choice of Hearing Officers - Hearing Officer John Wood Assigned with NYSUT Attorney Pamela Fynes without Mary Brown's knowledge or consent

### THEREFORE, RETALIATORY §3020-A PROCEEDINGS AGAINST MARY BROWN ARE
### NULL AND VOID FOR EXPRESS STATUTORY INCONSISTENCIES AND DUE PROCESS VIOLATIONS WITH THE DENIAL OF A CHOICE OF HEARING OFFICERS TO MARY BROWN AND FAILURE FOR THE PROPER DELEGATION BY THE CHANCELLOR TO A COMMUNITY/DISTRICT SUPERINTENDENT

41. NYS Educ. Law §3020-a ("§3020-a") sets out the procedures for holding a hearing for terminating a NYS Licensed Tenured Teacher and the Rights of the tenured teacher.

42. NYS Educ. Law §2590-h ("§2590-h") sets out procedures under Mayoral Control for the Chancellor to act under NYS Educ. Law §3020-a, including but not limited to choosing a

9

community superintendent under subsection §2590-h(30) and expressly delegating §3020-a duties to the Community Board reviewed Community/District Superintendent under §2590-h(38).

43. Rights of Tenured Employees Form (SUNY Form re: §3020-a) re-states certain rights including those for hearing procedures and tenured teacher choosing a hearing officer from a pool of three candidates (supplied by the American Arbitration Association).

44. As stated above, Mary Brown was served a Notice of Determination of §3020 Charges.

45. §2590-h(38) expressly permits the Chancellor to delegate §3020-a duties to Community/District Superintendent - No other delegation is permitted for §3020-a.

46. The Notice of Determination of §3020 Charges is INCONSISTENT WITH STATUTORY LAW §2590-h(38) as a non-community superintendent signed off on the Notice.

47. Community/District Superintendent Fred Walsh WAS NOT delegated §3020 duties and responsibilities as mandated under §2590-h(38).

48. Community/District Superintendent Fred Walsh DID NOT vet the charges against Mary Brown and send her notice of the charges prior to the issuance of the §3020-a Notice of Determination.

49. Instead the chancellor delegates to a NON-Community/District Superintendent i.e. Affinity Network Field Network Office Executive Director Alexandra Anormaliza, a subcontractor that the Community Board never reviewed as required under §2590-h(30).

50. Under §3020-a(3)(a), Tenured Teacher receives a choice of 3 hearing officers from a pool, and NYS Commissioner maintains §3020-a Hearing Officer appointment if conflict of choice arises.

51. On February 15, 2019, NYSUT General Counsel Robert T. Reilly offered his services to represent Mary Brown at her §3020-a hearing.

52. NYSUT GC Reilly expressly informed Mary Brown that he would maintain general supervision of the handling of her defense, and Ximena Castro, Esq., an attorney in his office, would assume direct responsibility for Mary Brown's representation.

53. Mary Brown accepted NYSUT Representation.

54. GC Reilly at no time has questioned the validity of the §3020-a Notice of Determination that was signed by a NON-COMMUNITY SUPERINTENDENT. See Exhibit _13-15___

55. NYSUT General Counsel Reilly expressly states,

> "Also, please be aware that you are under an affirmative, legal obligation to preserve all evidence related to your case, including written and electronic documents such as email and text messages. The intentional destruction of any such evidence could lead to additional charges and place you in greater legal jeopardy."

56. On information and belief, the DOE has destroyed records evidencing retaliation against Mary Brown, as well as evidence that exonerates Mary Brown from any charges of misconduct.

x. On or about January 20, 2020, Ximena Castro, Esq. withdraws from the case and NYSUT Pamela Fynes, Esq. is assigned by NYSUT to represent Mary Brown.

57. The DOE has destroyed and kept secret the Eric Friedman Bronx Transfer of Mary Brown that was on the ATS System but which Mary Brown has been denied access to her ATS account.

58. On January 30, 2020, Fynes Esq. informs Mary Brown that she is scheduling a pre-hearing conference and "awaiting confirmation from the hearing officer." See Exhibit __16__

59. At the prehearing at which discovery issues were addressed, Mary Brown was informed by Pamela Fynes, Esq., that John Woods was the Hearing Officer assigned to the case.

## HEARING OFFICER WOODS ASSIGNMENT WITHOUT MARY BROWN'S KNOWLEDGE AND CONSENT - INCONSISTENT WITH STATUTORY LAW AND DUE PROCESS

60. Public Employee/Tenured Attendance Teacher Mary Brown was denied a choice of Three Hearing Officers.

61. Hearing Officer John Wood was assigned with NYSUT Attorney Pamela Fynes without Mary Brown's knowledge or consent.

62. NYSUT Attorney Fynes further acts in delivering a false delegation letter, alleging that the delegation to Affinity Network is valid under §2590-h(19) which only applies to staff HIRED by Affinity Network.

63. Mary Brown is and has always been a Public Employee - NYS Licensed Tenured Attendance Teacher hired by the DOE Central Office. See Exhibit __12___

## RETALIATORY §3020-A PROCEEDINGS AGAINST MARY BROWN ARE NULL AND VOID FOR EXPRESS STATUTORY INCONSISTENCIES

64. §2590-h(38) permits chancellor to delegate §3020-a duties to a §2590-h(30) duly appointed Community/District Superintendent that has been reviewed by the Community Board and chosen from a pool of candidates by the Chancellor.

65. Simultaneous with the Court's granting permission for this Sur-Reply, Mary Brown received an alleged chancellor delegation letter from her NYSUT Attorney Pamela Fynes. See Exhibit __11__

66. NYSUT Attorney Pamela Fynes states,

> On Friday, May 20, 2022, 10:32 AM, Pamela Fynes <Pamela.Fynes@nysut.org> wrote:
>
> Good morning Ms., Brown:
>
> Pursuant to your request I reviewed all of the Chancellor delegation letters to determine whether Executive Director, Alexandra Anormaliza, had the authority to sign your 3020-a charges. Unfortunately, I found the delegation letter from Chancellor Richard A. Carranza to the Executive Directors, of the Borough Field Support Centers and the Executive Director, of Affinity Field Support Center so accordingly Ms. Anormaliza did have the authority to sign your charges. I have attached a copy of the delegation letter for your review. Please let me know if you have any additional questions.
> Thank you
>
> PAMELA PATTON FYNES, Esq.    See Exhibit ___16___

67. Mary Brown's attorney Pamela Fynes knowingly and purposefully misrepresents to Mary NYS Educ. Law §2590-h(19) instead of the §2590-h(38) delegation section.

68. Pamela Fynes, Esq. knowingly and purposely acts to misrepresent §2590-h(19) for hiring staff as a delegation basis for the §3020-a Notice of Determination Letter instead of §2590-h(38) that expressly deals with §3020-a delegation.

69. Pamela Fynes, Esq. has full knowledge that Mary Brown is not Teaching Staff or Supervisory Staff employed by Affinity Network, but in fact is a DOE Central Funded Employee who is assigned to Network Schools as Attendance Coordinator. See Exhibit 12

d. In direct violation of the DOE Central Office Policy for Attendance Teacher Payrolls, Affinity Network Subcontractor Mr. Gabbard singled out Mary Brown and designed a new time sheet requiring allocation of time per minutes for each task completed.

e. Affinity Network Subcontractor Mr. Gabbard violated Mary Brown's protected workplace investigation by denying Mary Brown access to computers and a workspace to properly set up her Attendance Schedule and Student Investigation Reviews prior to home visits.

f. DOE EMPLOYEE SUPERVISORS OF AFFINITY NETWORK ARE WITHOUT AUTHORIZATION TO RATE PERFORMANCE OF CENTRAL OFFICE ATTENDANCE TEACHERS

g. ONLY DOE DISTRICT PAYROLL SCHOOL PRINCIPALS' MAY RATE PERFORMANCE AND DIRECT CENTRAL OFFICE ATTENDANCE TEACHERS AND ONLY UNDER CENTRAL OFFICE POLICY GUIDELINES

h. District/Community Superintendent Fred Walsh has not vetted any charges against Mary Brown but has allowed Affinity Network Staff to vet charges against Brown

i. In addition, under the Zoulas 300-day time period and going back to January 1, 2000, the DOE Central Office based Mary Brown's automobile authorization on medical reviews that further substantiated the authorization for Mary Brown's use of an automobile to carry out her protected workplace activities to investigate attendance issues.

j. The DOE Central Office issued School Allocation Memorandum (SAM) gives specific outlines, guidelines, and instructions on centrally funded Attendance Teacher duties and supervisor's execution of these daily operation, as well as the District Superintendent that the Attendance Teacher is assigned to for DOE actions, review and signoffs.

k. The DOE Attorneys boldly and purposely fail to articulate for the Court that there are Two Independent Actions via Travel - ONE, that regards a car usage request and TWO, a travel reimbursement.

l. DOE Employee Affinity Network Subcontractor Supervisor Mr. Friedman's denial of car usage in 2016-2017, 2017-2018 & continuing into 2018-2019 (Zoulas 300-day time period) violates and was done in retaliation of Mary Brown's Attendance Investigations under Former Chancellor Carmen Farina's directive to locate thousands of missing students who were DOE Central Office noted with Long Term Absences.

## DOE AND CITY'S PRODUCTION OF BAD DELEGATION LETTER THROUGH NYSUT ATTORNEY LACKS CANDOR APPROPRIATE FOR THIS COURT

70. Without acrimony or disrespect, NYC Corporation Counsel Hinds-Radix and DOE General Counsel Vladeck knowingly and purposefully lack candor with the Court with simultaneous production of an express null and void delegation letter with the Court's Permission for Mary Brown to file a Sur-Reply on June 1, 2022.

## PRESENT RETALIATION BY THE DOE AND PAST RETALIATION BY THE DOE BEGINNING IN 2006 FOLLOWS A PATTER AND PRACTICE THAT BEGINS AT THE EMPOWERMENT SCHOOL - EAGLE ACADEMY AND ENDS IN 2022 WITH THE §3020-a PROCEEDING TO TERMINATE MARY BROWN

### 2018 to Present Retaliation of Protected Workplace Activity

71. As stated above, The DOE presently continues a null & void §3020-a Proceeding brought on by an invalid delegation and denial of a choice of hearing officer that are both expressly inconsistent with Statutory Code and the Due Process Clause.

72. Bronx Attendance Coordinator Eric Friedman in September 2020, using the ATS System had Mary Brown transferred from Manhattan to his jurisdiction in the Bronx.

73. The Present Retaliation under the 300 day rule (After May 23, 2018) can be seen in the following acts

> a. The DOE Employee Affinity Network Subcontractor Supervisor Mr. Friedman's non approval of car usage is a per se violation of a protected workplace activity right obtained by all centrally funded attendance teachers per request in the carrying out of Attendance Investigations under DOE Central Office Policy.
>
> b. Mary Brown expressly stated in her Complaint (See Complaint at page 2 #7 & 8) that DOE Employee Affinity Network Subcontractor Supervisor Mr. Friedman's continual denial of TRAC authorization for car usage Plaintiff established a prima facie case that DOE Employee Mr. Friedman discriminated against the Mary Brown's protected workplace activity of Attendance Investigation.
>
> c. DOE Employee Affinity Network Subcontractor Supervisor Mr. Friedman's unauthorized denial of car usage without documented substantiation created a materially adverse change in the terms and conditions of employment for a centrally funded Attendance Teacher having an itinerant schedule of schools.

13