Case No. 1:20-CV-02424-VEC-OTW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY HURD BROWN,

                                                  Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                  Defendant.

**DEFENDANT'S SUR-SUR REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for Defendant the New York City Department of Education*

*Of Counsel*:

Zachary T. Ellis
Assistant Corporation Counsel
100 Church Street, Room 2-109(a)
New York, New York 10007
(212) 356-0839
zellis@law.nyc.gov

Natalie Marcus,
*Of Counsel*.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BRIEF PROCEDURAL HISTORY ..................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    POINT I: THE COURT SHOULD DISREGARD THE EXHIBITS ATTACHED TO PLAINTIFF'S SUR-REPLY. ................................................................................................. 2

    POINT II: THE COURT SHOULD DISREGARD THE NEW ALLEGATIONS PRESENTED IN OPPOSITION TO THE DOE'S MOTION TO DISMISS. ................... 3

    POINT III: PLAINTIFF'S SUR-REPLY MERELY RESTATES ARGUMENTS ALREADY BEFORE THE COURT ...................................................................................... 4

    POINT IV: PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT. ................. 5

    POINT V: PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF TERMINATING THE DISCIPLINARY PROCEEDINGS THAT HAVE BEEN INITIATED AGAINST HER ................................................................................................. 6

    POINT VI: THE DOE OPPOSES PLAINTIFF'S REQUEST FOR A SETTLEMENT CONFERENCE AND FOR A HEARING ON DAMAGES ............................................. 9

CONCLUSION...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Bernstein v. City of New York*, No. 06 Civ. 895 (RMB), 2007 U.S. Dist. LEXIS 39286 (S.D.N.Y. May 24, 2007) .................................................................................................................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................... 5

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ....................................................... 3

*Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994) ............................................................................... 9

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010) ..................................................... 2

*Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110 (2d Cir. 2009) ................................. 6

*Fonte v. Bd. Of Managers of Cont'l Towers Condo.*, 848 F.2d 24 (2d Cir. 1988) ......................... 3

*Ford v. Bd. of Educ.*, No. 1:19-CV-6327 (CM), 2019 U.S. Dist. LEXIS 194729 (S.D.N.Y. Nov. 6, 2019) ........................................................................................................................... 9

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ................................................................ 2

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir.2006) ..................... 3

*Holt v. Bd. of Educ.*, 52 N.Y.2d 625 (N.Y. 1981) .......................................................................... 6

*Ingber v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 3942 (JMF), 2014 U.S. Dist. LEXIS 78212 (S.D.N.Y. June 9, 2014) .................................................................................................... 9

*Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70 (2d Cir. 1979) ................................ 8

*Jackson Hewitt Tax Serv. v. Kirkland*, 455 F. App'x 16 (2d Cir. 2012) ......................................... 9

*JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75 (2d Cir. 1990) .............................................. 7

*Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173 (2d Cir. 2019) .......................................................... 6

*Mangiafico v. Blumenthal*, 471 F.3d 391 (2d Cir. 2006) ............................................................... 3

*McCune v. Frank*, 521 F.3d 1151 (2d Cir. 1975) .......................................................................... 9

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ........................... 8

*Neroni v. Becker*, 595 F. App'x 94 (2d Cir. 2015) ............................................................................ 8

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) ............................ 8

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016) ............................................................ 3

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) .................................................................. 8

*Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir. 1995) ......................................................... 7

*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) ..................................................................... 8

*Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969 (2d Cir. 1989) ................................... 7

*Vikas Goel v. Bunge, Ltd.*, 820 F.3d 554 (2d Cir. 2016) ................................................................. 3

*Younger v. Harris*, 401 U.S. 37 (1971) ....................................................................................... 8, 9

*Zick v. Waterfront Comm'n of N.Y. Harbor*, No. 11 Civ. 5093 (CM), 2012 U.S. Dist. LEXIS 144920 (S.D.N.Y. Oct. 4, 2012) ........................................................................................ 4

## INTRODUCTION

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE"), respectfully submits this Sur-Sur-Reply in Further Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint. Pro-Se Plaintiff Mary Hurd Brown ("Plaintiff") was born in 1949 and has worked for the DOE since 1988. (*See* Addendum to Second Am. Compl., Doc No. 34-1, ¶ 1.) Since 2001, Plaintiff has worked as an attendance teacher. (*See id.* at ¶ 2.) Plaintiff alleges claims for age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; disability discrimination under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701–796, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; and hostile work environment and retaliation under the ADEA, the Rehabilitation Act, and the ADA. Plaintiff also states analogous claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-103. The DOE has moved to dismiss all of these claims for failure to state a claim.

## BRIEF PROCEDURAL HISTORY

This matter is before the Court on the DOE's Motion to Dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed this case on March 17, 2020, and then filed the First Amended Complaint on August 11, 2020. *See* CM/ECF Nos. 2, 9. On September 20, 2021, the Court dismissed the First Amended Complaint with leave to amend. *See* CM/ECF No. 30. Plaintiff filed the Second Amended Complaint on November 2, 2021. *See* CM/ECF No. 34.

1

The DOE filed the instant motion on January 19, 2022.  *See* CM/ECF No. 39.  Plaintiff filed a response in opposition on March 28, 2022, to which the DOE replied on May 11, 2022.  *See* CM/ECF Nos. 47, 51.  Plaintiff then filed a sur-reply on June 6, 2022.  *See* CM/ECF No. 55.  The sur-reply purports to include a motion for summary judgment, as well as a request for preliminary injunctive relief, a settlement conference, and a hearing to calculate Plaintiff's damages.

The DOE will not belabor this Court with an exhaustive repetition of the allegations of the Second Amended Complaint, nor will it repeat a prolix analysis of those allegations, as this is its third memorandum of law in support of its motion to dismiss the Second Amended Complaint.  *See* CM/ECF Nos. 40, 51.  Instead, the DOE writes to succinctly respond to the arguments raised in Plaintiff's latest filing with the Court.

## ARGUMENT

### POINT I

**THE COURT SHOULD DISREGARD THE EXHIBITS ATTACHED TO PLAINTIFF'S SUR-REPLY.**

The Second Circuit has held that, for the purposes of deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("'When matters outside the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" (quoting *Fonte v. Bd. Of Managers of Cont'l Towers Condo.*, 848

F.2d 24, 25 (2d Cir. 1988))). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Vikas Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alteration in original) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir.2006)); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) ("A necessary prerequisite for taking into account materials extraneous to the complaint is that the plaintiff rely on the terms and effect of the document in drafting the complaint; mere notice or possession is not enough." (internal citation and quotation marks omitted)).

Plaintiff attached five exhibits, totaling forty-seven pages, to her sur-reply. *See* CM/ECF Nos. 55-2 to 55-6. These documents were not attached to the Second Amended Complaint as exhibits, nor are they incorporated by reference into that pleading. As such, the Court must decline to consider the exhibits at this stage.[1]

### POINT II

**THE COURT SHOULD DISREGARD THE NEW ALLEGATIONS PRESENTED IN OPPOSITION TO THE DOE'S MOTION TO DISMISS.**

---

[1] Even if the Court were to find, contrary to the above argument, that it *could* consider the exhibits attached to Plaintiff's sur-reply in ruling on the DOE's Motion to Dismiss, it should decline to do so, given that Plaintiff waited until her sur-reply to bring them to the Court's attention, and given that they appear to be extraneous and do not address the deficiencies of the Second Amended Complaint.

In assessing the sufficiency of a pleading, a district court may not consider factual allegations raised for the first time in opposition to a motion to dismiss. *See*, *e.g.*, *Zick v. Waterfront Comm'n of N.Y. Harbor*, No. 11 Civ. 5093 (CM), (CM2012 U.S. Dist. LEXIS 144920, at \*6 (S.D.N.Y. Oct. 4, 2012); *Bernstein v. City of New York*, No. 06 Civ. 895 (RMB), 2007 U.S. Dist. LEXIS 39286, at \*32 (S.D.N.Y. May 24, 2007). In her sur-reply, Plaintiff asserts a laundry list of new factual allegations that are not contained in her Second Amended Complaint. Indeed, Plaintiff's new allegations are far too numerous to state fully here. Plaintiff's latest filing, then, is, like her response brief, an untimely attempt to avoid dismissal based on factual allegations outside the four corners of the Second Amended Complaint and not properly before this Court for consideration. Because these new allegations cannot be considered without converting the DOE's Motion to Dismiss into one for summary judgment, which, for the reasons stated below, the Court should decline to do, the Court should not consider them at this time.

## POINT III

**PLAINTIFF'S SUR-REPLY MERELY RESTATES ARGUMENTS ALREADY BEFORE THE COURT**

Plaintiff's sur-reply is twenty-two pages, not including exhibits. Yet, once her new factual allegations are set aside, the rest of Plaintiff's sur-reply merely restates the allegations in her Second Amended Complaint and the arguments in her response brief. For the sake of brevity, the DOE will not reiterate its grounds for seeking dismissal here. Instead, the DOE respectfully refers the Court to its own prior discussion of the deficiencies with Plaintiff's First Amended Complaint, *see* CM/ECF Nos. 29, 30, which were not cured by the Plaintiff in her Second Amended Complaint, as well as the DOE's analysis of Plaintiff's claims in its Memorandum of Law in Support of Its Motion to Dismiss, *see* CM/ECF No. 40.

### POINT IV

### PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff's sur-reply brief purports to include a motion for summary judgment, but her documents fail to meet the requirements of the Local Rules of the United States District Court for the Southern District of New York or of the Federal Rules of Civil Procedure for a motion seeking summary judgment. *See* Local Civil Rule 56.1. As such, Plaintiff has not filed a proper motion for summary judgment.

In addition, to the extent that Plaintiff's request for summary judgment could be viewed as a motion to convert the DOE's Motion to Dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56, the DOE notes that it did not attach any exhibits to its motion or to any of its briefing in support thereof, and the mere fact that Plaintiff has attached extrinsic evidence to her response and sur-reply briefs does not require the Court to so convert the motion. Nor has Plaintiff offered a persuasive justification for proceeding in such a manner. The so-called "Evidentiary Statements" contained in Plaintiff's response and sur-reply briefs are not competent summary-judgment evidence. *See* CM/ECF No. 55 at 1. And the "Documentary Evidence" attached to such briefs does not demonstrate the absence of a genuine issue of material fact or that

Plaintiff is entitled to judgment as a matter of law. *See* CM/ECF No. 55 at 1. On the contrary, Plaintiff's conclusory allegations cannot even survive the DOE's Motion to Dismiss, let alone entitle Plaintiff to summary judgment.

## POINT V

### PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF TERMINATING THE DISCIPLINARY PROCEEDINGS THAT HAVE BEEN INITIATED AGAINST HER

Plaintiff has requested an order directing the DOE to "cease and desist" the disciplinary proceedings that have been initiated against her pursuant to New York Education Law § 3020-a. *See* CM/ECF No. 55 at 1. "For a preliminary injunction to issue, the movant must establish '(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction.'" *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)).

Putting aside the propriety of seeking injunctive relief in a sur-reply to a motion to dismiss, Plaintiff has not satisfied either prong of this test. Plaintiff claims that the DOE's initiation of disciplinary proceedings under Section 3020-a was a violation of the Due Process Clause of the Fourteenth Amendment. Yet, the very purpose of these proceedings "is to protect teachers from arbitrary imposition of formal discipline," and it is well-settled law that such proceedings comport with the requirements of due process. *Holt v. Bd. of Educ.*, 52 N.Y.2d 625, 632 (N.Y. 1981).

Next, Plaintiff claims that her liberty interests were violated when the DOE preferred charges against her pursuant to Section 3020-a. Plaintiff's argument on this point is confusing;

6

she appears to be taking the position that her liberty interests were violated because the disciplinary proceedings were brought against her in retaliation for engaging in certain protected activities. However, Plaintiff's threadbare assertions regarding the allegedly retaliatory conduct of the DOE are insufficient to survive the DOE's Motion to Dismiss, let alone establish a likelihood of success on the merits. Additionally, it is not disputed that, notwithstanding the commencement of disciplinary proceedings against her, Plaintiff continues to work as an attendance teacher for the DOE. Whatever issues Plaintiff has with the charges that were preferred against her should be raised, in the first instance, with the assigned arbitrator.[2]

Plaintiff's argument that without preliminary injunctive relief she will be irreparably harmed should also be rejected by the Court. To establish irreparable harm, a movant "must demonstrate 'an injury that is neither remote nor speculative, but actual and imminent' and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). As noted above, no disciplinary penalty has yet been imposed on Plaintiff, who continues to work as an attendance teacher for the DOE without any reduction in her salary. Additionally, even if the Section 3020-a proceedings result in Plaintiff's termination from the DOE, or the imposition of some other disciplinary penalty, and a tribunal were to subsequently rule that the charges were perfected against Plaintiff for a retaliatory reason, the intervening harm to Plaintiff, if any, would be fully redressable through an award of money damages. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) (noting that "it is settled law that

---

[2] And, even if the disciplinary proceedings end in Plaintiff's termination, the Due Process Clause secures "the liberty to pursue a calling or occupation, and not the right to a specific job." *Parsons v. Pond*, 126 F. Supp. 2d 205, 217 (D. Conn. 2000) (internal citation and quotation marks omitted). It would not violate the Due Process Clause for the DOE to terminate an employee following a Section 3020-a arbitrator's finding of "just cause" for termination.

7

when an injury is compensable through money damages there is no irreparable harm" (citing *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979))).

Finally, even if the Court were otherwise inclined to entertain Plaintiff's request for preliminary injunctive relief, it would be barred from doing so by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding or with certain types of state civil proceedings." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721 (1996) (citations omitted). The doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

The Supreme Court has held that *Younger* applies to only three classes of parallel proceedings: (1) "ongoing state criminal prosecutions"; (2) "certain 'civil enforcement proceedings'"; and (3) "pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v.. Jacobs*, 571 U.S. 69, 70 (2013) (alteration in original) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989)).

The second category "qualif[ies] for abstention when they are 'akin to a criminal prosecution in important respects.'" *Neroni v. Becker*, 595 F. App'x 94, 95 (2d Cir. 2015) (quoting *Sprint*, 571 U.S. at 79). Such proceedings are characterized by the following attributes: "(1) they are initiated to sanction the federal plaintiff for some wrongful act; (2) 'a state actor is routinely a party to the state proceeding and often initiates the action'; and (3) investigations are often involved and result in the filing of a formal complaint or charges." *Id.* (quoting *Sprint*, 571 U.S. at 79).

These requirements are met here. *See Ford v. Bd. of Educ.*, No. 1:19-CV-6327 (CM), 2019 U.S. Dist. LEXIS 194729, at *9 (S.D.N.Y. Nov. 6, 2019) (applying *Younger* to a Section 3020-a hearing); *Ingber v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 3942 (JMF), 2014 U.S. Dist. LEXIS 78212, at *3 (S.D.N.Y. June 9, 2014) (same); *see also McCune v. Frank*, 521 F.3d 1151, 1158 (2d Cir. 1975) (applying *Younger* to a county police department's disciplinary proceedings). Nor does the narrow bad-faith exception to *Younger* apply here, as there is no *evidence* demonstrating the requisite bad faith on the part of the DOE. *See Jackson Hewitt Tax Serv. v. Kirkland*, 455 F. App'x 16, 18 (2d Cir. 2012) ("A federal plaintiff seeking to establish that the bad faith exception to *Younger* applies must show that 'the party bringing the state action [has] no reasonable expectation of obtaining a favorable outcome.'" (alteration in original) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994))).

In sum, Plaintiff is not entitled to preliminary injunctive relief.

## POINT VI

### THE DOE OPPOSES PLAINTIFF'S REQUEST FOR A SETTLEMENT CONFERENCE AND FOR A HEARING ON DAMAGES

Plaintiff has also requested that the Court order a settlement conference. *See* CM/ECF No. 55 at 1. The parties have already participated in Court-ordered mediation, which did not result in a settlement. *See* CM/ECF No. 46. Plaintiff does not explain why an additional settlement conference may be productive, and the DOE is opposed to any further settlement activity while its fully briefed Motion to Dismiss remains pending before the Court. Consequently, Plaintiff's motion for a second Court-assisted settlement conference should be denied.

Finally, Plaintiff has requested a hearing on damages. *See* CM/ECF No. 55 at 1. The DOE opposes this request for the simple reason that its liability has not yet been established.

9

**CONCLUSION**

For the reasons set forth above, the DOE respectfully requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's Second Amended Complaint in its entirety, deny the relief sought therein in all respects, and grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 27, 2022

                                Respectfully Submitted,

                                **HON. SYLVIA O. HINDS-RADIX**
                                Corporation Counsel of the City of New York
                                *Attorney for Defendant*
                                100 Church Street, Room 2-109(a)
                                New York, New York 10007
                                (212) 356-0839
                                zellis@law.nyc.gov

                By:   /s/
                      ZACHARY T. ELLIS
                      Assistant Corporation Counsel

To:   Pro-Se Plaintiff Mary Hurd Brown via CM/ECF