USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MARY HURD BROWN,                                            :
                                                            :
                                   Plaintiff,               :         20-CV-2424 (VEC)
                  -against-                                 :
                                                            :         ORDER ADOPTING A
NEW YORK CITY DEPARTMENT OF                                 :         REPORT &
EDUCATION,                                                  :         RECOMMENDATION
                                                            :
                                   Defendant.               :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 17, 2020, Plaintiff Mary Hurd Brown, proceeding *pro se*, filed a complaint against the New York City Department of Education ("DOE"), Dkts. 1–2;[1]

WHEREAS Plaintiff asserted causes of action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 to 796; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 131, *see* Dkt. 9;

WHEREAS following an unsuccessful attempt at mediation, on December 30, 2020, Defendant moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which Plaintiff opposed, Dkts. 17, 25, 28;

---

[1] Plaintiff's initial complaint also named Eric Friedman as a defendant. Dkt. 1. Her amended complaint named only DOE as a defendant. Dkt. 9.

1

WHEREAS on January 27, 2021, the Court referred this case to Magistrate Judge Wang for general pretrial management and for the preparation of reports and recommendations on any dispositive motions, Dkt. 23;

WHEREAS on August 31, 2021, Judge Wang entered a report and recommendation, recommending that the Court grant Defendant's motion to dismiss with leave to amend, Dkt. 29 at 1;

WHEREAS on September 20, 2021, the Court adopted Judge Wang's report and recommendation in full, granting Defendant's motion to dismiss with leave to amend and reiterating the additional information that Plaintiff should include in any amended complaint:

> 1. Facts from which the Court can infer that, after 2013, Plaintiff was qualified for her position, either with or without a reasonable accommodation;
>
> 2. The circumstances and contents of Plaintiff's communications in which she informed DOE of her disability;
>
> 3. The accommodation(s) Plaintiff requested and received, if any, during her tenure at DOE;
>
> 4. The facts surrounding any retaliatory acts taken by Mr. Friedman, Mr. Gabbard, or anyone else;
>
> 5. To the extent Plaintiff seeks to allege disparate treatment by comparison, facts regarding each comparator who Plaintiff alleges was treated more favorably that would allow the Court to infer that the comparator was "similarly situated in all material respects" to Plaintiff.  *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (citation omitted).

Dkt. 30;

WHEREAS on November 2, 2021, Plaintiff filed a second amended complaint ("SAC"), SAC, Dkt. 34;

WHEREAS following another unsuccessful attempt at mediation, on January 19, 2022, Defendant moved to dismiss the SAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Dkt. 39;

WHEREAS on March 28, 2022, Plaintiff responded to the motion, Dkt. 47, and on May 11, 2022, Defendant replied in support of its motion, Dkt. 51;

WHEREAS on June 6, 2022, Plaintiff responded to Defendant's motion to dismiss again, this time requesting summary judgment, Dkt. 55;

WHEREAS on June 27, 2022, Defendant replied in support of its motion, Dkt. 58;

WHEREAS on September 1, 2022, Judge Wang entered a report and recommendation ("R&R"), recommending that the motion to dismiss be granted except as to Plaintiff's failure to accommodate claim under the ADA and the Rehabilitation Act with respect to her personal car use, R&R, Dkt. 61, at 1;

WHEREAS in the R&R, Judge Wang notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they were permitted to object to the R&R's findings, *id.* at 17–18;

WHEREAS on September 12, 2022, Plaintiff objected to the R&R, *see* Pl. Obj., Dkt. 62;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS as to the portions of an R&R to which no party objects, the Court may accept those findings provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92–CV–6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."); and

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

IT IS HEREBY ORDERED that the R&R is adopted, and Defendant's motion to dismiss is GRANTED in part and DENIED in part.  Judge Wang recommended dismissing all of Plaintiff's causes of action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure except for Plaintiff's failure to accommodate claim under the ADA and the Rehabilitation Act in connection with her use of a personal car to make home visits.  *See* R&R at 1.  The Court adopts Judge Wang's recommendation, albeit on slightly different grounds.

Neither party objects to Judge Wang's recommendation that this Court: dismiss (again) Plaintiff's state law claims under the NYCHRL and the NYSHRL, dismiss (again) Plaintiff's ADA and ADEA claims arising from discrete discriminatory or retaliatory acts that occurred prior to May 23, 2018, and deny Defendant's motion to dismiss as to Plaintiff's failure to accommodate claim under the ADA and the Rehabilitation Act based on actions taken with respect to her use of her personal car.[2]

Although it is somewhat difficult to discern the contours of Plaintiff's objections, she mostly argues that she was wrongfully singled out by her supervisors, Pl. Obj. at 1–2, and that Judge Wang's recommendation that Plaintiff's ADA and Rehabilitation Act accommodation claim was sufficiently pled "opened" the "flood gates" to Plaintiff's other claims, *id.* at 3, 5. Even construing these objections liberally, *see Massie v. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009), they are either conclusory, reiterate prior arguments, or raise arguments for the first time that she failed to raise in her oppositions to Defendant's motion to dismiss, and therefore do not merit *de novo* review. Upon careful review, the Court finds no clear error in Judge Wang's conclusions that Plaintiff failed to allege sufficient facts that would allow the Court reasonably to infer that she was discriminated against or that she suffered an adverse employment action because of her disability in violation of the ADEA, ADA, or Rehabilitation Act, R&R at 12–14, that Plaintiff's allegations of workplace harassment are not sufficiently severe or pervasive to establish a hostile work environment claim under the ADEA, the ADA, or the Rehabilitation Act, *id.* at 14–16, and that Plaintiff failed adequately to allege retaliation for protected activity under the ADEA, the ADA, or the Rehabilitation Act, *id.* at 16–17.

---

[2] Plaintiff states that she "objects to each and every part" of the R&R "except for Plaintiff's disability discrimination failure to accommodate claim for her personal car use accommodation under the ADA and RA," but does not discuss any objections with respect to her state law claims or the time-barred nature of certain ADA and ADEA claims. *See* Pl. Obj. at 1, 2–5.

One of Plaintiff's objections warrants discussion. Construing Plaintiff's objections as a *pro se* litigant liberally, *see Massie*, 651 F. Supp. 2d at 93, Plaintiff objects that Judge Wang failed sufficiently to take into account the specific circumstances surrounding her employer's revocation and eventual reinstatement of her early hours and workspace accommodations (the "Hours and Workspace Accommodations") in concluding that she has not alleged a prima facie case of failure to provide a reasonable accommodation in violation of the ADA or the Rehabilitation Act. Pl. Obj. at 4–5. Plaintiff specifically objects to Judge Wang's reliance on two cases, *Lewis v. Erie Cty. Med. Ctr. Corp.*, 907 F. Supp. 2d 336 (W.D.N.Y. 2012), and *Nieblas-Love v. N.Y.C. Hous. Auth.*, 165 F. Supp. 3d 51 (S.D.N.Y. 2016), for her conclusion that Plaintiff's Hours and Workspace Accommodations cannot form the basis of a reasonable accommodation claim because they were ultimately approved by her employer. *See* Pl. Obj. at 4; R&R at 12.

Upon *de novo* review, the Court agrees with Judge Wang that Plaintiff failed to state a viable discrimination claim under the ADA or the Rehabilitation Act in connection with the Hours and Workspace Accommodations, albeit on slightly different grounds. The R&R does not address Plaintiff's allegation that it took nine to ten months for her Hours and Workspace Accommodations to be reinstated. *See* SAC ¶¶ 4, 50–51 (alleging that Plaintiff began receiving the Hours and Workspace Accommodations in 1993, that she submitted a new accommodation request after those accommodations were revoked in December 2018, and that her request was eventually implemented in "September/October of 2019"). Although *Lewis* and *Nieblas-Love* support the principle that a plaintiff cannot establish a failure to provide a reasonable accommodation if the accommodation was in fact provided, neither case involves a similarly protracted delay in providing the accommodation. *See Lewis*, 907 F. Supp. 2d at 352 (wherein

plaintiff asked for a change to her schedule to accommodate an internship but was "ultimately able to complete her internship without a schedule change"); *Nieblas-Love*, 165 F. Supp. 3d at 73 (wherein plaintiff "admit[ted] that he was accommodated for his alleged disability" but argued that the accommodation was "unreasonable"). Courts in this Circuit have found that delays comparable to those alleged by Plaintiff may constitute a constructive failure to accommodate. *See Logan v. Matveevskii,* 57 F. Supp. 3d 234, 271 (S.D.N.Y. 2014) ("[C]ourts have found plaintiffs' requests for reasonable accommodations to have been constructively denied after delays approximating four months." (collecting cases)); *O'Toole v. Ulster County*, No. 12–CV–1228, 2014 WL 4900776, at *8 (N.D.N.Y. Sept. 30, 2014) (finding that a reasonable jury could find a six-month delay in providing an ergonomic chair establishes failure to reasonably accommodate); *Fol v. City of New York*, No. 01 Civ.1115 THK, 2003 WL 21556938, at *8 (S.D.N.Y. July 9, 2003) (finding that a reasonable jury "could conclude that [d]efendants failed to reasonably accommodate [p]laintiff's disability" under the ADA because of an eight-month delay in providing an accommodation).

Although Plaintiff alleges a significant delay in providing her requested accommodation, to establish constructive denial of a reasonable accommodation, she must also allege facts from which the Court can plausibly infer that the delay was "caused by discriminatory animus . . . ." *Wenc v. New London Bd. of Educ.*, No. 3:14–CV–0840 (VAB), 2016 WL 4410061, at *12 (D. Conn. Aug. 16, 2016), *aff'd*, 702 F. App'x 27 (2d Cir. 2017); *see also Franks v. Eckert*, 18–CV–589, 2020 WL 4194137, at *4 (W.D.N.Y. July 21, 2020) (dismissing plaintiff's ADA and Rehabilitation Act claims where he did not "set forth any facts to suggest that the delay was based on discriminatory animus"); *Saunders v. Queensborough Cmty. Coll.*, No. 13 CV 5617(PKC)(RML), 2015 WL 5655719, at *7 (E.D.N.Y. Sept. 24, 2015) (concluding that plaintiff

7

failed to adequately plead violation of the ADA based on a seven-month delay in providing accommodations because there was "nothing in [p]laintiff's [c]omplaint to suggest that the seven-month delay she experienced was motivated by discriminatory intent, bad faith, or obstructionism"). Allegations of mere "negligence or incompetence" are insufficient to state a claim. *Saunders*, 2015 WL 5655719, at *7. Because Plaintiff made no factual allegations that would permit the Court to infer that the delay in providing her requested accommodations was motivated by animus, she cannot maintain a corresponding case for failure to provide a reasonable accommodation under the ADA or the Rehabilitation Act.[3] The Court therefore adopts Judge Wang's conclusion that Plaintiff's claim must be dismissed.

The Clerk of Court is respectfully directed to close the open motions at docket entries 39 and 55. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date:  September 21, 2022
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[3] Although *pro se* plaintiffs should be given leave to amend at least once if there is "any indication that a valid claim might be stated," *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks and citation omitted), Plaintiff was already advised to provide "facts surrounding any retaliatory acts" taken by her employers or "anyone else," Dkt. 30 at 3, and did not provide any additional facts in her SAC curing the deficiency at issue. *See, e.g.*, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014) (denying leave to amend where a plaintiff already failed to cure pleading deficiencies and did not specify what new facts would cure those deficiencies); *Decastro v. Randstad Prof'ls US, LLC*, No. 15–CV–0944(RA), 2019 WL 131856, at *4 (S.D.N.Y. Jan. 8, 2019) (denying *pro se* plaintiff leave to amend because "the same deficiencies in [plaintiff's] original complaint remain[ed] in his amended complaint, even after he was advised that such deficiencies would prove fatal to his claim"). The Court therefore does not exercise its discretion to grant Plaintiff leave to amend again.