UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARY HURD BROWN,

                                              Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                      Defendant.

------------------------------------------------------------------------ x

**ANSWER TO SECOND
AMENDED COMPLAINT**

Case No. 1:20-CV-02424-
VEC-OTW

Defendant, the Board of Education of the City School District of the City of New York, operating as the New York City Department of Education ("DOE" or "Defendant"), by and through its attorney of record, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Answer to Pro-Se Plaintiff Mary Hurd Brown's ("Plaintiff") Second Amended Complaint, filed on November 2, 2021, see CM/ECF Doc. No. 34, respectfully alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "I(A)" of the Second Amended Complaint, except admits that Plaintiff's name is Mary Hurd Brown and that her e-mail address is mbrown39@verizon.net.

2.      Denies the allegations set forth in paragraph "I(B)" of the Second Amended Complaint, except admits that Plaintiff purports to proceed as set forth therein and that Defendant maintains offices at the Tweed Courthouse, 52 Chambers Street, New York, New York 10007.

3.      Denies the allegations set forth in paragraph "II" of the Second Amended Complaint, except admits that the High School of Graphic Communication Arts was located at 439 West 49th Street, New York, New York 10019.

4.      Denies the allegations set forth in paragraph "III(A)" of the Second Amended Complaint, except admits that Plaintiff purports to proceed as set forth therein and that Plaintiff

was born in 1949, and states that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701–796, in connection with her use of a personal car to make home visits from September 2018 to February 2019.  See CM/ECF Doc. No. 63.

5.      Denies the allegations set forth in paragraph "III(B)" of the Second Amended Complaint, except admits that Plaintiff purports to proceed as set forth therein, and states that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA, and the Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019.

6.      Denies the allegations set forth in paragraph "IV(A)" of the Second Amended Complaint, except admits that Plaintiff purports to proceed as set forth therein, and states that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019.

7.      Denies the allegations set forth in paragraph "IV(B)" of the Second Amended Complaint, except admits that Plaintiff attached an addendum of additional alleged facts to her Second Amended Complaint.

8.      Denies the allegations set forth in paragraph "V" of the Second Amended Complaint, except admits that Plaintiff filed a Verified Complaint with the New York State

Division of Human Rights ("NYSDHR") on or about March 1, 2019, which was dually filed with the United States Equal Employment Opportunity Commission ("EEOC"), that the EEOC issued Defendant a Charge of Discrimination, dated March 19, 2019, and that the EEOC issued Plaintiff a Notice of Dismissal and Right-to-Sue letter, dated December 26, 2019, and denies knowledge or information sufficient to form a belief as to when Plaintiff received the Notice of Dismissal and Right-to-Sue Letter.

9.      Denies the allegations set forth in paragraph "VI" of the Second Amended Complaint, except admits that Plaintiff purports to seek the relief set forth therein, and states that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019.

10.      Paragraph "VII" of the Second Amended Complaint consists of Plaintiff's Certification and, therefore, no response is required.

11.      Denies the allegations set forth in paragraph "1" of the Second Amended Complaint, except admits that Plaintiff was born in 1949, that she has been employed by Defendant since 1988, and that she was initially hired by Defendant as a family paraprofessional.[1]

12.      States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations

---

[1]   Paragraphs "11" through "70" herein are responsive to paragraphs "1" through "60" of the addendum of additional facts attached to the Second Amended Complaint, respectively.  See CM/ECF Doc. No. 34-1.

set forth in paragraph "2" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "2" of the Second Amended Complaint, except admits that Plaintiff has been employed by Defendant as an attendance teacher since 2001 and that each attendance teacher is assigned to one school at a time for payroll purposes, which is known as that teacher's "payroll school," and respectfully refers the Court to the DOE's Chancellor's Regulations, the DOE's School Allocation Memorandums, and the collective bargaining agreement between the United Federation of Teachers ("UFT") and the Board of Education of the City School District of the City of New York for attendance teachers ("CBA") for a complete and accurate statement of their contents.

13.     Denies the allegations set forth in paragraph "3" of the Second Amended Complaint, except admits that Plaintiff was assigned to schools affiliated with the Affinity Field Support Center ("Affinity"), and respectfully refers the Court to the Chancellor's Regulations and the New York Education Law for a complete and accurate statement of their contents.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Second Amended Complaint.

15.     Denies the allegations set forth in paragraph "5" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's knee injury in 2013.

16.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "6" of the Second Amended Complaint is required.  To the extent that a

response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Second Amended Complaint.

17.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "7" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "7" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's correspondence with Ms. Phillips, and admits that Eric Friedman, the former Attendance Supervisor of Affinity, first became Plaintiff's supervisor in 2016.

18.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "8" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "8" of the Second Amended Complaint.

19.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations

5

set forth in paragraph "9" of the Second Amended Complaint is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph "9" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[t]he facilitator," "Arlene Liquori," "Donna Steel," and Maria Mysliwy, as well as the allegations concerning "[t]he consensus of the room."

20.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "10" of the Second Amended Complaint is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph "10" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Attendance Teacher conference in May of 2017," or Plaintiff's attendance at any prior such conferences, as well as the allegations concerning Principal "Patricia Mineya" and Alice O'Neil, and admits that Mr. Friedman was the Attendance Supervisor of Affinity and issued Plaintiff a letter to file on or about June 28, 2017, in which Plaintiff was informed that she would be deducted two days of pay.

21.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "11" of the Second Amended Complaint is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph "11" of the Second

Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Ms. O'Neil and Principal "Mineya," and admits that Plaintiff received an "unsatisfactory" annual overall rating for the 2006–07 school year and an "unsatisfactory" annual overall rating for the 2016–17 school year.

22.     Denies the allegations set forth in paragraph "12" of the Second Amended Complaint.

23.     Denies the allegations set forth in paragraph "13" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Tracy Collins, and admits that Plaintiff filed an internal complaint with the DOE's Office of Equal Employment Opportunity and Diversity Management ("EEO") against Mr. Friedman on or about July 5, 2017, and that Mr. Friedman was the Attendance Supervisor of Affinity in September of 2016.

24.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "14" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "14" of the Second Amended Complaint, except admits that the Urban Assembly School of Business for Young Women ("Urban Assembly") was Plaintiff's payroll school from December 2016 to December 2017, and that Plaintiff received multiple letters to file when assigned to schools affiliated with Affinity.

25.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "14" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "15" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Principal "Mineya," the "new AP," "[t]he school aide [who] became the bathroom monitor," parents during home visits, and Alice O'Neil, as well as the allegations concerning Urban Assembly's attendance rate, "fights" at Urban Assembly, and how Plaintiff felt working at Urban Assembly, and admits that Plaintiff received an "unsatisfactory" annual overall rating for the 2017–18 school year and multiple letters to file during that school year, and respectfully refers the Court to the Chancellor's Regulations for a complete and accurate statement of their contents.

26.     Denies the allegations set forth in paragraph "17" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning financial hardship for Plaintiff and whether Plaintiff wanted to use her car for home visits "without obtaining Mr. Friedman's authorization."[2]

27.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home

---

[2]   Defendant notes that there is no paragraph "16" in the addendum of additional facts to Plaintiff's Second Amended Complaint.

visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "18" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "18" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Principal "Mineya," admits that Plaintiff received an "unsatisfactory" annual overall rating for the 2016–17 school year, that this rating was issued by Mr. Friedman, and that the hearing of her appeal thereof was held on December 22, 2017, and respectfully refers the Court to the School Allocation Memorandums and the CBA for a complete and accurate statement of their contents.

28.     Denies the allegations set forth in paragraph "19" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff seeking counseling with the UFT's Member Assistance Program or the Blanton-Peale Counseling Center, Plaintiff's conversations and interactions with her doctor, and Plaintiff's physical health concerns, and admits that disciplinary action was brought against Plaintiff under Section 3020-a of the New York Education Law on or about January 25, 2019, and that such disciplinary action is still pending.

29.     Denies the allegations set forth in paragraph "20" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff being sent to or discharged from the hospital, Plaintiff's medical condition, Plaintiff's conversations and interactions with her doctor, Manuel Tejera, and whether Plaintiff financially needed to work, and admits that Essex Street Academy was Plaintiff's payroll school on April 25, 2018, and that Plaintiff submitted a request for a health sabbatical leave for the period of February 1, 2018 to July 31, 2018, which was initially denied for this period on

or about April 18, 2018, and subsequently denied for the period of April 26, 2018, to July 31, 2018, and approved for the period of February 1, 2018, to April 25, 2018.

30.     Denies the allegations set forth in paragraph "21" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Dr. Tejera, Plaintiff's medical history, how Plaintiff returned to work in April of 2018, except admits that Plaintiff submitted a request for a health sabbatical leave for the period of February 1, 2018, to July 31, 2018, which was initially denied for this period on or about April 18, 2018, and subsequently denied for the period of April 26, 2018, to July 31, 2018, and approved for the period of February 1, 2018, to April 25, 2018.

31.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "22" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "22" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Principal Wallace Simpson, and admits that Plaintiff received an "unsatisfactory" annual overall rating for the 2017–18 school year and that Principal Wallace Simpson issued the rating, and respectfully refers the Court to the Chancellor's Regulations and the CBA for a complete and accurate statement of their contents.

32.     Denies the allegations set forth in paragraph "23" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Donna Steele, "Michelle McCray," Migdalia Rodriguez, Dawn Powell, and Raymond Jenkins "were approved for [Travel Reimbursement Approval Certification ("TRAC")] Travel reimbursements and were authorized to use their car travel reimbursements rate of $8.40 per day where applicable, and admits that Plaintiff did not receive payment for some of her TRAC requests.

33.     Denies the allegations set forth in paragraph "24" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's home visits, financial hardship for Plaintiff, Plaintiff paying for Access-A-Ride, and Plaintiff's purchase of a MetroCard.

34.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "25" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "25" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with "Ms. Mitten" and "the school's payroll secretary," as well as the allegations concerning a financial hardship for Plaintiff, and admits that Plaintiff submitted a request for a health sabbatical leave for the period of February 1, 2018, to July 31, 2018, which was initially denied for this period on or about April

18, 2018, and subsequently denied for the period of April 26, 2018, to July 31, 2018, and approved for the period of February 1, 2018, to April 25, 2018.

35.     Denies the allegations set forth in paragraph "26" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Migdalia Rodriguez, "Donna Steel," and "Yd Netf" "were removed by Mr. Friedman from their regularly assigned schools and assigned to schools which required an increase in travel time," whether Mr. Friedman "again allowed Mr. Gabbard to require Mr. Netf to report to his school daily," and "Mr. Netf"'s age.

36.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "27" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "27" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, and admits that the Stephen T. Mather Building Arts and Craftsmanship High School was Plaintiff's payroll school from September 2018 to February 2019, that Plaintiff received an "unsatisfactory" annual overall rating for the 2006–07, 2016–17, and 2017–18 school years, and that Plaintiff was assigned to the Business of Sports School, Forsyth Satellite Academy, Urban Assembly Gateway School for Technology, and the East Side Community School during a portion of the 2018–19 school year.

37.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "28" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "28" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, and respectfully refers the Court to the Chancellor's Regulations and School Allocation Memorandums for a complete and accurate statement of their contents.

38.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "29" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "29" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, Mrs. Simpson, Ms. Nikki, as well as the allegations concerning Plaintiff's "travel to a colleague's school," "the ATS system," how Plaintiff felt, and Plaintiff's "former employers," and admits that Plaintiff received several letters to file issued by Mr. Gabbard, including one dated September 21, 2018.

39.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "30" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "30" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard.

40.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "31" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "31" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Alexandra Anormaliza and Lana Phillips, as well as the allegations concerning Plaintiff's educational history, and admits that Plaintiff received an "unsatisfactory" annual overall rating for the 2016-17 and 2017-18 school years.

41.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations

set forth in paragraph "32" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "32" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, and respectfully refers the Court to the School Allocation Memorandums for a complete and accurate statement of their contents.

42.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "33" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "33" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, as well as the allegations concerning how Plaintiff felt, admits that Mr. Gabbard issued Plaintiff a letter to file, dated October 22, 2018, and respectfully refers the Court to the Chancellor's Regulations and School Allocation Memorandums for a complete and accurate statement of their contents.

43.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "34" of the Second Amended Complaint is required.  To the extent that a

response is required, Defendant denies the allegations set forth in paragraph "34" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard and "[m]ost parents," and respectfully refers the Court to the Chancellor's Regulations and the School Allocation Memorandums for a complete and accurate statement of their contents.

44.   States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "35" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "35" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard.

45.   States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "36" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "36" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard and "Patrick Remier," Plaintiff's "letter of 'bullying,'" and how Plaintiff felt.

46.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "37" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "37" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, as well as the allegations concerning Plaintiff's emotional and psychological state, and admits that Mr. Gabbard issued Plaintiff several letters to file .

47.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "38" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "38" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard and Ms. Marshall, as well as the allegations concerning Plaintiff's "severe headache" and how Plaintiff felt.

48.     Denies the allegations set forth in paragraph "39" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, as well as the allegations concerning Plaintiff's "knee problems."

49.    Denies the allegations set forth in paragraph "40" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, Access-A-Ride's arrival time, Plaintiff's arrival time and work hours, Plaintiff's "knee problems," Plaintiff's 1993 accommodations, the location of Plaintiff's workspaces, and Plaintiff's "mobility issues."

50.    States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "41" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "41" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, Plaintiff's timesheets, timesheets for other attendance teachers, and Plaintiff's 1993 accommodations.

51.    States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "42" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "42" of the Second

Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, the requirements related to Plaintiff's data entry in "the ATS system," and the "strain on [Plaintiff's] whole being along with [her] knees."

52.    Denies the allegations set forth in paragraph "43" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "disabilities," Plaintiff's use of the subway to conduct home visits, and Plaintiff's physical, emotional, and psychological state.

53.    Denies the allegations set forth in paragraph "44" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, Plaintiff's use of public transportation, Plaintiff's "knee injury," and whether having a car "would have made it easier for [Plaintiff] to get to homes and carry files."

54.    Denies the allegations set forth in paragraph "45" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "difficulties associated with using the subway," and respectfully refers the Court to the School Allocation Memorandums for a complete and accurate statement of their contents.

55.    States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "46" of the Second Amended Complaint is required.  To the extent that a

response is required, Defendant denies the allegations set forth in paragraph "46" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, Alice O'Neil, Maria Mysliwy, and "Kim Suttell," and admits that Plaintiff attended a disciplinary meeting on or about October 22, 2018, and that, pursuant to Section 2568 of the New York Education Law, Plaintiff was directed to report to HR Connect-Medical Administration on November 13, 2018, for a medical examination.

56.    Denies the allegations set forth in paragraph "47" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, admits that disciplinary action was brought against Plaintiff under Section 3020-a of the New York Education Law on or about January 25, 2019, and that such disciplinary action is still pending, and respectfully refers the Court to Plaintiff's Section 3020-a Specifications for a complete and accurate statement of their contents.

57.    Denies the allegations set forth in paragraph "48" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, Plaintiff "pa[ying] daily for the access ride," and Plaintiff's budget, and admits that Plaintiff attended a disciplinary meeting on or about October 22, 2018, and that Plaintiff received a letter to file issued by Mr. Gabbard, dated October 22, 2018.

58.    Denies the allegations set forth in paragraph "49" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of

the allegations concerning the accommodations from 1993, Plaintiff's disability, and Plaintiff's 1993 workers' compensation case.

59.     Denies the allegations set forth in paragraph "50" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with her doctors and Mr. Gabbard, Plaintiff's doctor's letter, Plaintiff's medical condition, and Plaintiff's 1993 accommodations, and admits that Plaintiff submitted an Accommodation Request Form, dated December 10, 2018.

60.     Denies the allegations set forth in paragraph "51" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Ms. Walton-Small, and admits that Plaintiff submitted an Accommodation Request Form, dated December 10, 2018 and that Defendant granted Plaintiff a medical accommodation that included a "[s]chedule change to a shift from 7:30 a.m. -2:30 p.m.".

61.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "52" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "52" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Ms. Suttell and

Mr. Gabbard, as well as the allegations concerning Plaintiff's "home visit in October," and admits that Plaintiff received a letter to file, dated December 4, 2018.

62.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "53" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "53" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning "the ALOA & ANDI," and admits that Plaintiff received a letter to file, dated January 31, 2019.

63.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "54" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "54" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard and Mr. Gabbard's "payroll secretary," admits that Plaintiff received several letters to file issued by Mr. Gabbard prior to 2019, and respectfully refers the Court to the School Allocation Memorandums for a complete and accurate statement of their contents.

64.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "55" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "55" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard.

65.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "56" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "56" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard and "Kim Suttell."

66.     Denies the allegations set forth in paragraph "57" of the Second Amended Complaint, except admits that Plaintiff received a letter to file, dated October 22, 2018.

67.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations

set forth in paragraph "58" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "58" of the Second Amended Complaint, except admits that Plaintiff attended multiple disciplinary conferences from September 2018 to January 2019.

68.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "59" of the Second Amended Complaint is required.  To the extent that a response is required, Defendant denies the allegations set forth in paragraph "59" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's conversations and interactions with Mr. Gabbard, as well as the allegations concerning Plaintiff's "physical and mental being," except admits that Plaintiff filed an EEO complaint against Mr. Friedman on or about July 5, 2017, that disciplinary action was brought against Plaintiff under Section 3020-a of the New York Education Law on or about January 25, 2019, and that Plaintiff was administratively re-assigned in February of 2019, and respectfully refers the Court to Plaintiff's Section 3020-a Specifications for a complete and accurate statement of their contents.

69.     States that all of Plaintiff's claims against Defendant were dismissed pursuant to the Court's Order of September 21, 2022, except for Plaintiff's failure-to-accommodate claim under the ADA and Rehabilitation Act in connection with her use of a personal car to make home visits from September 2018 to February 2019, and that, therefore, no response to the allegations set forth in paragraph "60" of the Second Amended Complaint is required.  To the extent that a

response is required, Defendant denies the allegations set forth in paragraph "60" of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "mediation conference" arranged "by the Union," whether Plaintiff can financially afford to take an early retirement, and Plaintiff's medical condition, and admits that Plaintiff submitted several Line of Duty leave applications since March 2021.

### AS AND FOR A FIRST DEFENSE

70.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

71.     The Second Amended Complaint may be barred, in whole or in part, by the applicable statute(s) of limitations.

### AS AND FOR A THIRD DEFENSE

72.     The Second Amended Complaint may be barred, in whole or in part, by Plaintiff's failure to perform all conditions precent to suit, or to exhaust all contractual or administrative remedies, or both.

### AS AND FOR A FOURTH DEFENSE

73.     At all times relevant to the Second Amended Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, and taken in good faith and without malice, in accord with the Constitution and all applicable laws, bylaws, rules, and regulations of the United States and the State and City of New York.

### AS AND FOR A FIFTH DEFENSE

74.     Defendant had legitimate, non-retaliatory, non-discriminatory businesses reasons for all actions taken concerning Plaintiff.  The actions taken would have been taken regardless of any alleged protected status or activity.

### AS AND FOR A SIXTH DEFENSE

75.     Defendant exercised reasonable care to prevent and correct promptly any of the conduct about which Plaintiff complains, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the City of New York ("City") to its employees or to otherwise avoid harm.

### AS AND FOR A SEVENTH DEFENSE

76.     The City did not have knowledge of the alleged actions or inactions by individual employees of the City, nor was it reasonable for the City to have such knowledge.

### AS AND FOR AN EIGHTH DEFENSE

77.     At all times relevant to the Second Amended Complaint, Defendant established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, and had a record of no, or relatively few, prior incidents of discriminatory conduct by such employees.

### AS AND FOR A NINTH DEFENSE

78.     To the extent that Plaintiff is claiming that Defendant failed to provide her with a reasonable accommodation, Plaintiff's proposed accommodation was unreasonable and would have imposed an undue hardship on Defendant.

### AS AND FOR A TENTH DEFENSE

79.     Upon information and belief, the damages set forth in the Second Amended Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AS AND FOR AN ELEVENTH DEFENSE

80.     Any damages sustained by Plaintiff were caused by her own negligence or otherwise culpable conduct.

## AS AND FOR A TWELFTH DEFENSE

81.     To the extent that the Second Amended Complaint requests punitive damages, such request is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**WHEREFORE,** Defendant respectfully requests that this Court enter an order and judgment dismissing the Second Amended Complaint in its entirety, denying all relief requested therein, entering judgment for Defendant, and granting Defendant costs, fees, and expenses, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             December 5, 2022

                              Respectfully Submitted,

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the City of New York
                              *Attorney for Defendant*
                              100 Church Street, Room 2-104
                              New York, New York 10007
                              (212) 356-0839
                              zellis@law.nyc.gov

                    By:    /s/
                           ZACHARY T. ELLIS
                           Assistant Corporation Counsel

To:          Pro-Se Plaintiff Mary Hurd Brown (via CM/ECF)