

|  |  |  |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ZACHARY T. ELLIS**<br>*Assistant Corporation Counsel*<br>Labor and Employment Law Division<br>(212) 356-0839<br>zellis@law.nyc.gov |

December 5, 2023

**Via CM/ECF**
Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

           Re:    *Brown v. New York City Department of Education*
                     Civil Action No. 1:20-CV-02424-VEC-OTW
                     Law Dep't File No. 2020-038133

Dear Judge Wang:

       I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendant, the New York City Department of Education ("DOE"), in the above-referenced action. In accord with Your Honor's Order of November 1, 2023, (*see* ECF No. 110), I submit this status letter on behalf of the DOE to inform the Court of the status of Pro-Se Plaintiff Mary Hurd Brown's HIPAA authorizations. I also write in response to Ms. Hurd Brown's letter of December 3, 2023. (*See* ECF No. 111.)

**I.      Court's Order of November 1, 2023**

       Plaintiff initially e-mailed me Health Insurance Portability and Accountability Act of 1996 ("HIPAA") authorizations for the following providers: (1) Dr. Mary Ellen Hecht, (2) Dr. Anthony Milea of Village Sports Medicine, (3) Dr. [Ivan] Fernandez-Madrid, and (4) the World Trade Center Health Program at NYC Health + Hospitals/Bellevue ("Bellevue"). The HIPAA authorization for Dr. Mary Ellen Hecht was returned because she has moved out of the address, and this Office's efforts to determine where, if anywhere, she has moved her practice to have not been successful. The HIPAA authorization for Dr. Fernandez-Madrid was returned by the United States Postal Service as undeliverable, though this Office has no way of determining why it was returned by the Post Office. To date, this Office has not received any response from Dr. Milea or Bellevue.

In late September, Ms. Hurd Brown sent me three additional HIPAA authorizations. The first was a second HIPAA authorization for Dr. Fernandez-Madrid, the second was a second HIPAA authorization for the World Trade Center Health Program at Bellevue, and the third was for Upper Manhattan Mental Health Center. As with Ms. Hurd Brown's four initial HIPAA authorizations, these three additional HIPAA authorizations were sent to Ms. Hurd Brown's respective providers, but, to date, this Office has not received any documents in response to any of Ms. Hurd Brown's seven HIPAA authorizations.

That having been said, Ms. Hurd Brown has e-mailed me records from NYU Langone Health, and, in response to an Authorization for Use and Disclosure of Protected Health Information that Ms. Hurd Brown executed and mailed directly to NYU Langone Health, with instructions to mail the records specified therein to this Office, I received thirteen pages of records from several different providers at NYU Langone Health, including Dr. Fernandez-Madrid, which I have since produced for Ms. Hurd Brown.

Additionally, the DOE has produced for Ms. Hurd Brown her full 408-page file with the DOE's Medical, Leaves, and Records Administration Office, as well as her workers' compensation file with the New York City Law Department's Workers' Compensation Division since 1993, which include records from, *inter alia*, NYU Langone Health and Dr. Fernandez-Madrid.

## II.   Ms. Hurd Brown's Letter to the Court of December 3, 2023

Ms. Hurd Brown e-mailed me on 5:33 p.m. on Thursday, November 23—Thanksgiving evening—to inform me that she was having difficulty printing the 874 pages of e-discovery produced by the DOE earlier that month via Kiteworks. In her e-mail, Ms. Hurd Brown requested that I "print all of these files and use a courier service to send [them] to my physical address" by close of business on the following day, November 24. I subsequently mailed the aforementioned documents to Ms. Hurd Brown, except for three Excel spreadsheets, which, because of the number of rows and columns therein, I did not believe were practicable to print. The documents were sent to Ms. Hurd Brown at the address listed in her letter of December 3, via Priority Mail, with an estimated arrival date of December 4. Thereafter, I realized that it was, in fact, practicable to print these three Excel spreadsheets by switching the orientation from portrait to landscape, though the text is still rather small, and I will therefore mail the three Excel spreadsheets to Ms. Hurd Brown by the end of the day today.

I note to the Court that I e-mailed Ms. Hurd Brown on November 28 to inform her that "it is possible to set up a conference call with a member of this Office's E-Discovery Team to talk through the technical difficulties that you are experiencing." Although Ms. Hurd Brown has not yet responded to my offer, I re-iterate the possibility of connecting her with a member of this Office's E-Discovery Team so that we can better understand the issue that she is having electronically accessing the DOE's e-discovery production in this case.

Respectfully submitted,

/s/
Zachary T. Ellis
Assistant Corporation Counsel

cc: Pro-Se Ms. Hurd Brown Mary Hurd Brown (by CM/ECF)