**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
MARY HURD BROWN,

               Plaintiff,               20-CV-2424 (JGLC) (OTW)

               -against-               **ORDER**

NEW YORK CITY DEPARTMENT OF
EDUCATION,

               Defendant.
-------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      The Court is in receipt of Plaintiff's letter motion at ECF 125.

      Plaintiff's letter motion makes four distinct requests: (1) "verification of each and every Document and Exhibit submitted by Mary Brown including" ECF 125; (2) sanctions against Defendant under Rule 11 and Rule 37; (3) reinstatement of Plaintiff's retaliation claim that was previously dismissed by Judge Caproni; and (4) partial summary judgment with respect to "payroll and travel reimbursements that are non-disputed issues of non-payment for work completed and submitted to the DOE, but held pending an administrative hold." (*See* ECF 125 at 1).[1]

      **I.**      **Verification of Documents and Exhibits**

      Plaintiff first requests that the record "evidence, that I am verifying under penalty of perjury every document and exhibit that I have submitted to the court, including this document." (ECF 125 at 2, ¶ 1). It is not immediately clear what relief Plaintiff seeks. To the

---

[1] To reduce the likelihood of confusion, all citations to Plaintiff's letter motion reference the ECF number and PDF page numbers, with paragraph numbers if applicable, available, and helpful.

extent that Plaintiff wishes for the record to reflect her verification of documents submitted, this is accomplished by Plaintiff's inclusion of her signature at the end of her letter motion (*see* ECF 125 at 7) and other documents.

Plaintiff's request may also be construed as seeking summary judgment or preparing a statement of undisputed facts. For example, Plaintiff states: "There is no dispute by the DOE as represented by NYC Corporation Counsel Hinds Radix that Mary Brown suffers a disability. The DOE purposely acts with silence so that no admission is expressly evidenced on the record of ADA Accommodation denials and retaliatory actions arising from the nexus of the ADA Accommodation denial." (ECF 125 at 2, ¶ 2).

On August 9, 2024, I directed the parties to file a status letter by October 4, 2024, proposing a briefing schedule for motions for summary judgment. (ECF 130). To the extent that Plaintiff is seeking summary judgment or preparing a statement of undisputed facts, Plaintiff can and should re-raise these arguments according to the forthcoming briefing schedule.

## II. Rule 11 and Rule 37 Sanctions on Defendant Are Improper

Construing pro se Plaintiff's submission liberally, Plaintiff seeks equitable sanctions under Rule 11 against Defendant for challenging Brown's disability status and for failing to make a reasonable inquiry into Brown's disability status in her medical files, and monetary (in an unspecified amount) and equitable sanctions under Rule 37 for removing approximately $16,070.37 from Plaintiff's pay through payroll deductions in 2023 related to a denied line-of-duty injury leave request. (ECF 125).[2]

---

[2] "However, DOE has made such unfounded oral statements directly to Judge Wang without identifying the DOE officer who authorized said statements that Mary Brown is not disabled." (ECF 125 at 2, ¶ 11). "Sanctions Under Rule 11 are requested by Brown for DOE and NYC Corporation Counsel Hinds Radix's failure to make any reasonable inquiry into Brown's disability and/or medical conditions." (*Id.* at ¶ 4). "Your Honor Judge Wang, your

2

Rule 11 applies to every "pleading, written motion, or other paper" submitted to a court or later advocated for, and "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability" of the pleading, written motion, or other paper before it is signed. Fed R. Civ. P. 11; *Gutierrez v. Fox*, 141 F.3d 425, 427, (2d Cir. 1998). "Since the inquiry must be 'reasonable under the circumstances,' liability for Rule 11 violations 'requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers.'" *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009). "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed R. Civ. P. 11(c)(1); *Gutierrez*, 141 F.3d at 427. Rule 11 also provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

Rule 37 relates to discovery misconduct. If a party fails to make disclosures as required under Rule 26(a) or fails to respond to properly served discovery requests, "any party may move to compel disclosure and for appropriate sanctions" under Rule 37(d). *Abreu v. City of N.Y.*, 208 F.R.D. 526, 528-29 (S.D.N.Y. 2002). Moving parties are required to attempt to confer in

---

directive to depose Mr. Friedman by June 28, 2024, is a cost I cannot afford because of an unreasonable financial burden and hardship brought on by the DOE … [who] systematically removed $16,070.37 total in payroll." (*Id.* at 4, ¶¶ 27-28).

good faith with the nonmoving party to resolve the dispute before resorting to court intervention. *Id.* at 529. "If a Court grants a motion made under Rule 37(a), it has broad discretion to impose sanctions as is just." *Id.* Courts are to consider four factors for motions for sanctions under Rule 37: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of their noncompliance. *Id.*

Plaintiff's motion for Rule 11 sanctions must fail because Plaintiff failed to comply with the procedural requirements of the rule. *Castro v. Mitchell*, 727 F. Supp. 2d 302, 305-06 (S.D.N.Y. 2010) ("In disposing of a motion for Rule 11 sanctions, a district court must adhere to the procedural rules which safeguard due process rights.").

First, Plaintiff failed to comply with the "safe harbor" provision of Rule 11, which requires a party to serve a forthcoming motion for sanctions under Rule 11 on the opposing party and wait <u>21 days</u> before filing it with the court to give the opposing party an opportunity to cure the underlying issue. *Id.* at 306. The 21 day safe harbor "functions as a practical time limit" and motions for Rule 11 sanctions must be filed at a point in the litigation that allow the lawyer sought to be sanctioned an opportunity to correct or withdraw the challenged submission. *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003). Such notice must also "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The moving party must serve on the opposing party the actual motion intended to be filed with the court, not simply letters detailing the conduct that may violate Rule 11. *Castro*, 727 F. Supp. at 307.

While Plaintiff claims that "notice [was] given on May 16, 2024," the type of notice given is insufficient. Plaintiff's motion includes, as an exhibit, an email to Defendant warning of Rule 11 sanctions for "not provid[ing] any form of communication from Superintendent Walsh or other high ranking DOE staff listed on this [technical assistance document] document"[3] and "not identif[ying] who and/or what document allowed you to testify for the record I have no disability." (ECF 125 at 26). The email does not include the motion Plaintiff filed at ECF 125 either in the body of the email or as an attachment to the email. This form of notice cannot fulfill the procedural requirements of Rule 11. *Castro*, 727 F. Supp. at 307. *See also Gal v. Viacom Intern., Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."); *Jawbone, LLC v. Donohue*, No. 01-CV-8066 (CSH), 2002 WL 1424587, at *7 (S.D.N.Y. June 28, 2002) ("The September 25 letter of plaintiff's counsel does not satisfy … Rule 11 … [which] does not provide for *informal* notice of an intent to file a motion for sanctions, for example by letter.") (*emphasis* in original).

Second, even if Plaintiff had properly served the motion on Defendant or filed the email itself as the motion for sanctions, neither the motion nor the email clearly identifies what specific pleading, motion, or other paper that <u>is at issue</u> or any specific conduct to suggest that Defendant failed to conduct a reasonable inquiry into the viability of any of their pleadings, motions, or other papers in violation of Rule 11. Plaintiff refers broadly to the "DOE Papers,"[4]

---

[3] The Court notes that Plaintiff's motion filed at ECF 125 does not represent that Defendant failed to provide any of the communications mentioned in Plaintiff's email "notice" to Defendant.

[4] *See, e.g.*, ECF 125 at 2-3, ¶¶ 10, 12 ("Rule 11 sanctions clearly apply to DOE's answer and other paper signed and filed in federal court… The DOE Papers are presented for an improper purpose, induce financial hardship, to lead the court into misrepresentation, and made without a reasonable inquiry into the facts or law are subject to sanctions under Rule 11.").

but does not provide even a single example from a motion, paper, or other filing of Defendant, and the Court cannot comb through every document filed by Defendant in order to determine which filings Plaintiff contests in order to assess the viability of Plaintiff's Rule 11 sanctions motion. Further, Plaintiff relies on conclusory allegations of vague categories of conduct.[5] Plaintiff alleges that Defendant has "signed answers and other papers in court, that the attorney misrepresents have legal and evidentiary support and are … filed in bad faith," filed other (unidentified) documents in bad faith that misrepresent the underlying actions, filed papers in order to induce financial hardship upon Plaintiff, and "refused to make a reasonable inquiry into the facts or law." (ECF 125 at 2, ¶ 5, 6; 3, ¶ 12). However, beyond these conclusory allegations that Defendant has advanced frivolous claims without evidentiary or legal support, Plaintiff points to no specific conduct that violates Rule 11(b) that warrants the imposition of sanctions by this Court.

Finally, Plaintiff failed to file her motion for Rule 11 sanctions as a *separate motion*. *Castro*, 727 F. Supp. 2d at 306 ("Rule 11 requires a motion for sanctions be made separately from any other motion and … describe the specific conduct that allegedly violates Rule 11(b).").

Plaintiff's request for sanctions under Rule 37 also fails. Plaintiff alleges in her motion that Defendant removed $2,500 from her paychecks for a period of 6 months in 2023, totaling over $16,000, as an unspecified "act of retaliation." (ECF 125 at 4, ¶ 28). Plaintiff further alleges that this action has caused her to be unable to depose Mr. Friedman, (*Id.* at ¶ 27), which this Court ordered on June 23, 2024, be conducted by June 28, 2024. (ECF 123). Plaintiff's

---

[5] *Id.* at 26 ("I am giving you Rule 11 notice for any frivolous motion without attempting inquiry and/or production. Since you have not identified who and/or what document allowed you to testify for the record I have no disability.").

request for sanctions are, in part, to pay for the deposition of Mr. Friedman.[6] Plaintiff has failed, however, to show why this Court should impose sanctions under Rule 37. Plaintiff does not, for instance, identify how the alleged withholdings are related in any way to discovery or to Mr. Friedman's deposition, that would warrant discovery sanctions under Rule 37. The complained-of deductions occurred in 2023 and relate to a denial of a leave request from 2021. (ECF 125 at 16). Plaintiff does not explain how retroactive deductions taken in 2023 relating to events in 2021 have anything to do with her failure to depose Mr. Friedman in 2024.

Accordingly, Plaintiff's request for sanctions under Rule 11 and Rule 37 is **DENIED**.

### III. Request for Judge Clarke to Rule on Reinstating the Retaliation Claim Dismissed by Judge Caproni[7]

This case was originally assigned to Judge Caproni on April 8, 2020. On January 19, 2022, Defendant filed a motion to dismiss the second amended complaint. (ECF 39). On September 1, 2022, I issued a Report & Recommendation ("R&R") recommending that Judge Caproni dismiss, among other things, Plaintiff's retaliation claim. (ECF 61). Judge Caproni issued an Order adopting my R&R and dismissing Plaintiff's retaliation claim on September 21, 2022.[8] (ECF 63). Then, on March 7, 2023, nearly six months after Judge Caproni's decision, Plaintiff filed a letter

---

[6] Plaintiff also seeks sanctions for (i) Brown to use all transcripts in the state 3020-a proceeding, (ii) permission to use trial testimony from state case # 34,297, and (iii) Brown to call Superintendent Walsh as her first witness. These are inappropriate sanction requests under Rule 37. This Court has already denied Plaintiff's request to depose Superintendent Walsh (and no good cause is shown here to change that decision) and granted a protective order precluding Plaintiff from questioning any deponent in this case regarding her pending state disciplinary charges under Section 3020-a. (ECF 110, 123). The Court reminds Plaintiff that the scope of discovery is limited to her claims in <u>this case only</u>, and cannot be used for other proceedings, including the 3020-a proceedings.

[7] Plaintiff's third request relates to Judge Caproni's dismissal of Plaintiff's retaliation claim. Plaintiff alleges in her letter motion that Judge Caproni's withdrawal "from the case after I filed notice of her fina[ncial] conflicts with Pfizer arising from my protected workplace activity," while not expressly identified as a recusal, evinces that Judge Caproni's "action was in fact, a recusal for conflicts of interest." (ECF 125 at 5, ¶¶ 37–39).

[8] Judge Caproni's decision specifically notes that neither party objected to my recommendation of dismissal of "Plaintiff's ADA and ADEA claims arising from discrete discriminatory or retaliatory acts that occurred prior to May 23, 2018." (ECF 63).

motion seeking Judge Caproni's recusal due to alleged "financial conflicts" related to Judge Caproni's monetary investments in Pfizer, which Judge Caproni denied on April 11, 2023. (ECF 76, 82, 83).[9] Unrelated to Plaintiff's motion for recusal, this case was subsequently reassigned to Judge Clarke on July 18, 2023.

It appears that Plaintiff seeks reconsideration of Judge Caproni's decision on the motion to dismiss. (ECF 63). If that is what Plaintiff intends, she must file a separate motion for reconsideration. Plaintiff's motion for reconsideration, if any, is due **Friday, October 18, 2024.** Defendant's opposition, if any, is due **Friday, October 25, 2024.** Plaintiff's reply, if any, is due **Friday, November 1, 2024. The Court cautions that any challenges to Judge Caproni's decision on the Motion to Dismiss, which issued more than two years ago, would likely be considered untimely,** *see* **Local Civil Rule 6.3 ("Unless otherwise provided by the Court or by statute or rule … a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion… There shall be served with the notice of a motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."), and any motion for reconsideration must explain why Plaintiff did not object previously and raise these arguments when Judge Caproni issued her decision in 2022.** Plaintiff may also choose <u>not</u> to pursue reconsideration of the dismissal of the retaliation claim.

---

[9] Reading Plaintiff's motion liberally, she appears to be arguing that Judge Caproni owns stock in Pfizer and that Pfizer sells medical supplies to DOE, which would tend to improve Pfizer's value. *See* (ECF 76) ("Recusal of Judge Caproni for conflict of interest involving her Pfizer investment supplementary income that is based on bulk medical supply contracts between Pfizer and NYC DOE involving NYC DOE attendance records that Defendant Mary Brown reported as improper.").

### IV. Partial Summary Judgment on Payroll and Travel Reimbursements

Plaintiff's fourth request seeks summary judgment on payroll and travel reimbursements that Plaintiff claims are "non-disputed issues of non-payment for work completed and submitted to the DOE, but held pending an administrative hold placed by Eric Friedman. . . ." (ECF 125 at 6). As discussed above, my August 9, 2024, Order sets an October 4, 2024, deadline for the parties to propose a briefing schedule for motions for summary judgment. (ECF 130). Plaintiff can re-raise these arguments, if she wishes to pursue them, pursuant to the forthcoming briefing schedule.

The Clerk of Court is respectfully directed to close ECF 125 and to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated: October 11, 2024  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge

9