**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
MARY HURD BROWN,                                   :
                                                   :
                         Plaintiff,                :                20-CV-2424 (JGLC) (OTW)
                                                   :
              -against-                            :
                                                   :                **ORDER**
NEW YORK CITY DEPARTMENT OF                        :
EDUCATION,                                         :
                                                   :
                         Defendant.                :
                                                   :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Plaintiff's letters at ECF 132, 133, and 134.

On October 11, 2024, the Court issued an Order denying *pro se* Plaintiff Mary Hurd

Brown's requests for sanctions against Defendant under Rule 11 and Rule 37 (the "Sanctions

Motion") (ECF 125), and directing Plaintiff to raise her arguments related to summary judgment

in forthcoming briefing.

On October 2, 2024, while Plaintiff's Sanctions Motion was pending, Plaintiff filed a

letter on the docket seeking to (1) compel Defendant to answer "Plaintiff's Second Set of

Interrogatories" and (2) deny Defendant's request for summary judgment. (ECF 132). Plaintiff

then filed a separate letter on October 3, 2024, seeking to (i) compel Defendant to answer all

interrogatories; (ii) deny Defendant's request for summary judgment; (iii) order a complete

medical record; (iv) reinstate the retaliation claims previously dismissed by Judge Caproni; and

(v) "Order Rule 37 sanctions" in an unspecified manner and for an unspecified reason. (ECF

133). Plaintiff filed yet another letter on October 7, 2024, which is nearly identical to the

October 2 letter, seeking to (a) compel Defendants to answer all interrogatories and (b) impose Rule 37 sanctions. (ECF 134).

## I.    Plaintiff's Motion(s) to Compel Interrogatory Responses is Denied.

Rule 33 provides "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 373 (S.D.N.Y. 2006). Courts may provide leave "to serve additional interrogatories" when consistent with the principles of Rule 26(b)(2). *Treppel*, 233 F.R.D. at 373. "Courts have held that generally a party must set forth a particularized showing in order to exceed the [25 interrogatory] limit." *Douglas v. Harry N. Abrams, Inc.*, 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016) (internal quotations omitted).

All three of Plaintiff's letters seek to compel Defendants to answer Plaintiff's "Second Set of Interrogatories." Plaintiff, citing to ECF 116-1, claims that such interrogatories "were prompted by [this Court's] suggestion about who is Dr. Naughten," and that DOE refuses to complete this discovery. (ECF 132). On April 2, 2024, Defendant filed a letter motion detailing the following regarding the interrogatories at issue:

> On June 15, 2023, the DOE responded to Plaintiff's First Set of Interrogatories, dated May 2, 2023, which consisted of twenty-three interrogatories. In February 2024, Plaintiff served the DOE with an additional 191 interrogatories, most, if not all, of which were compound and/or contained several discrete subparts, such that they were the functional equivalent of several hundred interrogatories. A copy of Plaintiff's Second Set of Interrogatories is attached hereto as Exhibit "A." Accordingly, undersigned counsel, citing Federal Rule of Civil Procedure 33(a)(1), which limits a party to "no more than 25 written interrogatories, including all discrete subparts," informed Plaintiff that the DOE would not be responding to these improper interrogatories.

(ECF 116).

Plaintiff has failed to make a particularized showing that would justify exceeding the limit of 25 interrogatories. Plaintiff's additional <u>191</u> interrogatories (many/most of which include multiple subparts) far exceed the limit set by Rule 33, and requiring Defendant to respond to these interrogatories would not be proportional to the needs of the case.[1]

Accordingly, Plaintiff's motion to compel is **DENIED**.

### II.   Rule 37 Sanctions on Defendant Are Improper

For the reasons described in the Court's October 11, 2024, Order, Rule 37 sanctions on Defendant are improper. Plaintiff similarly seeks Rule 37 sanctions based on conclusory allegations that Defendant has "failed to make required disclosures or otherwise cooperate in discovery," seeking what appear to be evidentiary rulings or rulings on the merits,[2] and for not responding to the 191 interrogatories. Plaintiff does not explain how these conclusory allegations warrant discovery sanctions under Rule 37 and, as described above, Defendant's refusal to answer the 191 interrogatories was not improper.

Accordingly, Plaintiff's motion for Rule 37 sanctions is **DENIED.**

---

[1] Many of the interrogatories seek information that is not relevant. For example, interrogatory No. 1 states: "Confirm/Identify Name of Doctor, and/or person (name), Dr. Naughten who conducted the review of Mary Hurd Brown injuries and application for March 9, 2021, injuries LODI fall at 52 Broadway; Medical Health Restoration Sabbatical Feb 2018 injuries, accommodations request for injuries 2018, and 2015 fall injuries and ongoing 1993 Workman Compensation case file? b. Name of DOE office/officer supplied answer to Above Numbered interrogatory. c. Any document exists that supports answer to above numbered interrogatory. d. location of such document(s) kept that answer above numbered interrogatory. e. a copy of such document(s) produced in discovery for answer above number interrogatory." (ECF 116-1, at 10-11).
[2] For example, Plaintiff's letter states: "Order under rule 37 sanctions that 2019 TECH report cites 2007 incidence along with disability accommodation denial and 3020A without bases in Law and fact is without merit." ECF 133.

### III.    Reinstatement of Retaliation Claim

Plaintiff's October 3 letter appears to seek reconsideration of Judge Caproni's dismissal of Plaintiff's retaliation claim. (ECF 133). This issue was discussed and decided in my October 11, 2024 Order on the Sanctions Motion. (ECF 135).

### IV.    Request to Deny Defendant's Motion for Summary Judgment

Plaintiff also requests that this Court deny Defendant's motion for summary judgment. (ECF 132, 133) ("I ask the court to order a detailed answer to each interrogatory submitted via ECF 116 Exhibit #1 By Mr. Ellis, and denied his request for a summary judgement, which in very bad faith."). This request is denied as premature because the parties do not even have a summary judgment briefing schedule in place.

### V.    Request to Compel Production of Dr. Naughten's Medical Report

It appears that Plaintiff also moves to compel production of "Dr. Naughten's medical report" under Rule 37.

Federal district courts have broad discretion in deciding motions to compel. *See Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999). "Though the burden of demonstrating relevance is on the party seeking discovery, … [i]f a party objects to discovery requests, that party bears the burden of showing why discovery should be denied." *Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016).

Though Plaintiff claims that Defendant has refused to submit Dr. Naughten's medical report,[3] it is not readily apparent to the Court that Defendant has indeed refused production or even whether such a "medical report" exists. On October 31, 2023, Plaintiff sought to depose Dr. Naughten, and that request was denied in favor of Plaintiff conducting Mr. Friedman's deposition first. (See ECF 113, October 31, 2023). At the October 31 conference, the parties stated that Dr. Naughten was a DOE employee who may have been involved with a medical review in connection with a denial of Plaintiff's medical sabbatical, which is not part of the claims in this case. This case only involves a denial of Plaintiff's ability to use her own car to make home visits. (ECF 113 at 23-25).

Accordingly, Plaintiff's motion to compel is **DENIED.**


Pursuant to my August 9, 2024, Order, the parties were directed to file a status letter by October 4, 2024, proposing a briefing schedule for motions for summary judgment. (ECF 130). Neither party submitted a status letter by October 4, 2024. Now, therefore, the parties are directed to file their motions for summary judgment, if any, by **November 15, 2024.** Oppositions, if any, are due **December 20, 2024.** Replies, if any, are due **January 17, 2025.**

---

[3] "DOE has refused to submit Dr. Naughten's medical report on this issue of my disability or answered interrogatories regarding my medical[] Disability." (ECF 134).

6

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se*

Plaintiff.


**SO ORDERED.**


_s/  Ona T. Wang_

Dated: October 15, 2024                                          **Ona T. Wang**
     New York, New York                          United States Magistrate Judge