UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY HURD BROWN,<br><br>        Plaintiff,<br><br>  -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>        Defendant. | 20-CV-2424 (JGLC) (OTW)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

  This case was referred to Judge Ona Wang for general pretrial purposes and all dispositive motions. *See* ECF No. 23. Defendant New York City Department of Education ("DOE") filed a motion for summary judgment on December 6, 2024. ECF No. 143. Plaintiff Mary Hurd Brown ("Plaintiff") then cross-moved for summary judgment on December 27, 2024, simultaneously alleging issues of material fact. ECF Nos. 154, 155. In a Report and Recommendation (the "Report and Recommendation" or "R&R") filed on August 29, 2025, Judge Wang recommended that Defendant's motion be granted and Plaintiff's motion be denied. *See* ECF No. 161. On September 12, 2025, Plaintiff timely filed objections to the Report and Recommendation. ECF No. 162 ("Objections"). Defendant filed its opposition on September 26, 2024. ECF No. 164 ("Opp."). For the reasons stated herein, the Court ADOPTS the R&R in its entirety, GRANTS Defendant's motion for summary judgment, and DENIES Plaintiff's motion.

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates her original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Here, Plaintiff fails to assert any viable objections. Plaintiff's only remaining claim is against the DOE for failure to accommodate a disability under the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("RA"). R&R at 7; ECF No. 63 at 4. She argues that DOE failed to accommodate her disability with respect to her request to use her "personal car to make home visits" for the period between December 2018 and February 2019. *Id.* But her objections focus largely on issues outside the scope of this narrow claim, including those that have long ago been decided. *See* ECF Nos. 29, 30, 61, 63.

Nonetheless, in light of Plaintiff's *pro se* status, the Court reviews her objections liberally and considers them in turn. *See Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009). The Court adopts the recitation of facts set forth in the Report and Recommendation and assumes the parties' familiarity therewith.

First, Plaintiff objects to the Report and Recommendation on the basis that the DOE's evidence is "questionable," "incomplete [and] inaccurate," and contains "misinformation." Objections at 1, 4, 6. Rule 11 of the Federal Rules of Civil Procedure mandates that when attorneys or *pro* se parties file any papers with the court, they "certify" that "any factual contentions in the filing are supported by available evidence." *Odermatt v. Mount Sinai Hosp.*, No. 24-CV-5250 (JLR), 2025 WL 2650139, at *4 (S.D.N.Y. Sept. 16, 2025) (cleaned up); *see* FED. R. CIV. P. 11(b)(3). The Court has no reason to distrust the DOE's representations here. Plaintiff's "conclusory statements, devoid of specifics," are thus "insufficient to defeat

[Defendant's] properly supported motion for summary judgment." *Snellinger v. Fed. Nat'l Mortg. Ass'n ("Fannie Mae")*, 785 F. Supp. 3d 3, 8 (S.D.N.Y. 2025) (cleaned up) (quoting *Transflo Terminal Servs., Inc. v. Brooklyn Res. Recovery, Inc.*, 248 F. Supp. 3d 397, 399 (E.D.N.Y. 2017)).

Second, Plaintiff argues that she is disabled within the meaning of the ADA and RA, and was denied access to her "Workman Compensation file" to demonstrate as much. Objections at 2. DOE "assumed," however, "at least for purposes of its Motion for Summary Judgment, that Plaintiff is disabled within the meaning of the ADA and the Rehabilitation Act." Opp. at 3. And the Report and Recommendation's analysis did not turn on Plaintiff's disability status; indeed, the R&R found that the evidence "weigh[ed] in favor of Plaintiff being disabled under the ADA." R&R at 10.

Third, Plaintiff repeats her claim that her superiors discriminated against her by denying her requests to use her personal vehicle to make home visits. Objections at 2. She focuses specifically on an alleged denial "in 2017." *Id.* However, DOE records show that the one instance in 2017 when Plaintiff asked her supervisor, Eric Friedman, for permission to use her personal vehicle to make home visits, he approved her request. *See* ECF No. 144 ¶¶ 10, 49–51; ECF Nos. 146-2 ¶ 27, 146-6, 146-9. On February 10, 2017, Plaintiff also submitted five additional requests to Mr. Friedman's supervisor, Tracey Collins—but, as the R&R correctly makes clear, "Ms. Collins informed Plaintiff that these requests were improperly submitted and directed Plaintiff to cancel those requests and resubmit them to Mr. Friedman, which she did not." R&R at 3 n.3; *see* ECF No. 144 ¶¶ 55–58; ECF Nos. 146-6, 146-10.

"The only accommodation Plaintiff claims that she requested, but was not provided," came in December 2018, when Plaintiff again requested permission to use her personal vehicle for home visits. R&R at 12. Three months later, in February 2019, Plaintiff was reassigned "to a

3

position that no longer required home visits." *Id.* To the extent that Plaintiff objects to the R&R's central conclusion that this three-month delay was not a constructive denial—in part, because Plaintiff presented no evidence to show that it "was motivated by discriminatory intent"—Plaintiff again fails to provide any new facts, evidence, or arguments to conclude otherwise. The Court therefore adopts Judge Wang's analysis in full.

Fourth, Plaintiff appears to object to her travel reimbursement for taking public transportation. Objections 3–4. This new concern falls beyond the scope of the one remaining claim in this case: whether DOE failed to accommodate Plaintiff's disability with respect to her request to use her personal car for home visits between December 2018 and February 2019.

Fifth, Plaintiff resurfaces numerous discovery disputes, arguing that her requests for answers to interrogatories or attempts to schedule depositions "fell on deaf ears." Objections at 3. To the contrary, the docket is replete with efforts to ensure that Plaintiff had access to the discovery she needed, and was entitled to, to argue her case. *See, e.g.*, ECF Nos. 97 (order setting deadline for DOE to respond to Plaintiff's second set of document requests), 110 (order explaining that the Court held a status conference and directed DOE to produce emails relevant to Plaintiff's claims), 123 (same, and directing Plaintiff to schedule requested deposition); *see also* ECF No. 116 at 1–2 (DOE counsel explaining that Plaintiff has "declined to indicate her availability" to schedule the deposition she requested).

Sixth, Plaintiff reiterates her arguments alleging generalized "workplace retaliation and maltreatment," which she calls "unfair" and "inappropriate." Objections at 4. More than four years ago, Judge Caproni prompted Plaintiff to provide "facts surrounding any retaliatory acts" to support her claims. ECF No. 30 at 3. One year later, after Plaintiff filed her Second Amended Complaint, ECF No. 34 ("SAC"), Judge Caproni found that Plaintiff had still "not provide[d] any additional facts in her SAC curing the deficiency at issue," and dismissed Plaintiff's claim,

4

ECF No. 63 at 8 n.3. Judge Wang likewise highlighted that Plaintiff "did not plead such facts in her Second Amended Complaint and does not point to evidence in her 56.1 Statements to support the facts identified by Judge Caproni." R&R at 5. The Court need not revisit this issue further.

Finally, Plaintiff questions this case's reassignment to the undersigned. Objections at 1, 3, 4–6; *see* ECF No. 95. Plaintiff contends that this issue was under-discussed in the Report and Recommendation yet remains "very significant." Objections at 5. Judge Wang properly explained that Plaintiff's arguments on this issue are "without support." R&R at 6 n.3 (citing ECF No. 155 ¶ 2).

Having reviewed the motion papers, the Report and Recommendation, and Plaintiff's objections, the Court finds the Report and Recommendation to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. Defendant's motion for summary judgment is GRANTED. Plaintiff's cross-motion for summary judgment is DENIED.

The Clerk of Court is respectfully directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 1, 2025
       New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge